THE STATE OF OHIO, APPELLANT, *v*. MCCONVILLE, APPELLEE.

[Cite as S*tate v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958.]

*Criminal law — Sexual-offender registration — R.C. 2950.11(F)(2) — Suspension of community-notification requirements — Effective date.*

(No. 2009-0893 — Submitted January 13, 2010 — Decided March 18, 2010.)

APPEAL from the Court of Appeals for Lorain County, No. 08CA009444, 182 Ohio App.3d 99, 2009-Ohio-1713.

_____

SYLLABUS OF THE COURT

The community-notification provisions of R.C. 2950.11(F)(2) apply to defendants who are notified of their sexual-offender status after January 1, 2008, the effective date of the amendment of that section by 2007 Am.Sub.S.B. No. 10.

_____

CUPP, J.

{¶ 1} We are asked to decide whether the community-notification provisions of R.C. 2950.11(F)(2) apply to defendants who are notified of their sexual-offender status after the effective date of the amendment of that section by 2007 Senate Bill 10, or whether R.C. 2950.11(F)(2) applies only to sexual offenders whose status was determined under the legislation in effect prior to that effective date. Because we conclude that R.C. 2950.11(F)(2) applies to defendants who are notified of their sexual-offender status after the January 1, 2008 effective date of the amendment of that section by Senate Bill 10, we affirm the judgment of the court of appeals.

I

**{¶ 2}** Appellee, Stephen James McConville, pleaded guilty in July 2008 to rape and gross sexual imposition. At sentencing, appellee was notified that he would be classified as a tier III sexual offender pursuant to the Adam Walsh Act, R.C. 2950.01 et seq. The trial court detailed appellee's registration and reporting duties pertaining to the tier III classification, but the court conducted a second hearing for further review of the community-notification requirement. After reconvening for a hearing with respect to the community-notification requirement, the trial court suspended the requirement. In making this decision, the trial court considered statutory factors in conjunction with the appellee's history and character. The trial court determined that appellee was "unlikely to commit a sexually oriented offense in the future, and that suspending the community notification requirements of R.C. 2950.11(F)(1) [was] in the interest of justice."

**{¶ 3}** The appellate court affirmed. We accepted review under our discretionary jurisdiction. 122 Ohio St.3d 1501, 2009-Ohio-4233, 912 N.E.2d 106.

## II

**{¶ 4}** The statute central to this matter is R.C. 2950.11, the revised community-notification provision of Ohio's Sex Offender Registration and Notification Law contained in Senate Bill 10. 2007 Am.Sub.S.B. No. 10, effective June 30, 2007. Senate Bill 10 made revisions necessary to conform Ohio's sexual-offender laws to the federal Adam Walsh Child Protection and Safety Act of 2006. Senate Bill 10, Title. This matter arises from appellee's notification of his sexual-offender classification under the provisions of Senate Bill 10, most of which, including the amendment to R.C. 2950.11, became effective January 1, 2008.[1] Senate Bill 10, Sections 3 and 4. The parties do not

---

1. The R.C. 2950.11(F)(2) community-notification issue may also arise in a reclassification context: if a sexual offender was not subject to community notification when his status was determined under pre-Senate Bill 10 legislation but is automatically reclassified under Senate Bill

dispute that appellee is required by statute to be designated as a tier III sexual offender and that, in addition to the registration and reporting requirements imposed on appellee, the community-notification provisions detailed in R.C. 2950.11(A) apply unless the exception in R.C. 2950.11(F)(2) applies. R.C. 2950.01(G)(1)(a) and 2950.11(F)(1). Community notification involves the "release of information about sex offenders and child-victim offenders to public agencies and the general public [to] further the governmental interests of public safety and public scrutiny of the criminal, juvenile, and mental health systems." R.C. 2950.02(A)(6). To advance the policy of the Sex Offender Registration and Notification Law, a victim of a sexually oriented offense or a child-victim-oriented offense is entitled to notification that the offender who committed the act against the victim has registered and to notification of the offender's address. R.C. 2950.10.

{¶ 5} Rather, the dispute here is whether R.C. 2950.11(F)(2) applies to a defendant who is notified of his or her sexual-offender status after the effective date of the amendment of that section by Senate Bill 10. That section vests the trial court with the authority and discretion to determine whether the community-notification requirement would apply to a particular offender. R.C. 2950.11(F)(2) provides:

{¶ 6} "The notification provisions of this section do not apply to a person described in division (F)(1)(a), (b), or (c) of this section if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to the effective date of this amendment."

---

10 into a status that does require community notification, R.C. 2950.11(F)(2) may be implicated. However, a reclassification situation of this type is not presented in this case, and accordingly, we express no opinion as to the operation of R.C. 2950.11(F)(2) in this regard.

**{¶ 7}** The remainder of the statute details the 11 factors the trial court must consider to determine whether the sexual offender would have been subject to community notification under prior law. R.C. 2950.11(F)(2)(a) through (k).

**{¶ 8}** This appeal presents a matter of statutory interpretation. As a general rule, the words and phrases of a statute will be read in context and construed according to the rules of grammar and common usage. R.C. 1.42. Moreover, there is no need for this court to apply the rules of statutory interpretation when the language of a statute is plain and unambiguous and conveys a clear and definite meaning. *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 190, 16 O.O.3d 212, 404 N.E.2d 159, citing *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus. In such an instance, the provisions of the statute are applied, rather than interpreted. *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332. It is with these precepts in mind that we review this matter.

### III

**{¶ 9}** The state's argument is that R.C. 2950.11(F)(2) gives the trial court the discretion to suspend the community-notification requirement in consideration of the statute's listed factors only when the sexual offender's status was previously determined under the law in effect prior to Senate Bill 10. Thus, according to the state, appellee may be relieved of the R.C 2950.11(F) community-notification requirement only by the terms of R.C. 2950.11(H), since appellee had not been classified prior to January 1, 2008. R.C. 2950.11(H) allows a sexual offender who has been subject to the registration and reporting requirements for 20 years to request removal of the originally imposed community-notification requirement. The state further asserts that since appellee has not been subject to the registration, reporting, and community-notification requirements for 20 years, he is not qualified under R.C. 2950.11(H) for

suspension of community notification and that the trial court erred when it failed to impose that requirement.

{¶ 10} We find that the language of R.C. 2950.11(F) is unambiguous. Accordingly, the state's argument is not persuasive. The language used in the statute pertains to those sexual offenders whose status is determined after the effective date of R.C. 2950.11 as amended by Senate Bill 10. The provision is written in the present tense, referring to a "hearing" at which a judge "finds" certain facts. The 11 factors of R.C. 2950.11(F)(2) are similarly written in the present tense, indicating an evaluation presently taking place, and not one that has already occurred. In contrast to the state's position, the language of the statute does not indicate that it applies only to those sexual offenders whose status had been previously determined under the provisions of former R.C. Chapter 2950. As a result, we decline to interpret the statute when no interpretation is required. *State ex rel. Celebrezze*, 32 Ohio St.3d at 27, 512 N.E.2d 332; *Meeks*, 62 Ohio St.2d at 190, 16 O.O.3d 212, 404 N.E.2d 159; R.C. 1.42.

{¶ 11} Moreover, the language used in R.C. 2950.11(F) demonstrates that in some circumstances, the legislature intended the trial court to have discretion regarding the application of the community-notification requirement to a sexual offender subject to the provisions of Senate Bill 10. The current version of R.C. 2950.11(F)(2) specifically provides that its notification provisions do not apply if "the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to the effective date of this amendment." As implied by the current language, former R.C. 2950.11(F) did not require community notification in all cases. Former R.C. 2950.11(F)(2), 2006 Am.Sub.S.B. No. 206. In other words, under the former law, in the instances where community notification was not required, the legislature granted the trial court discretion to determine whether to impose it in each individual instance.

{¶ 12} The revisions to R.C. 2950.11(F) made through Senate Bill 10 specifically refer to and incorporate the former community-notification provisions. By so doing, the legislature expressed its will to continue the policy of providing discretion to the sentencing judge in these circumstances, albeit with additional guidance in the form of the factors now contained at R.C. 2950.11(F)(2)(a) through (k). Notably, ten of these eleven factors were also present in former R.C. 2950.09(B)(3) to aid the court in determining whether an offender was a sexual predator. Thus, current R.C. 2950.11(F)(2) generally reflects a continuation of that prior discretion and authority that the court had in determining when community notification best serves the interests of justice.

{¶ 13} Finally, we conclude that R.C. 2950.11(H) is not relevant to community-notification determinations under R.C. 2950.11(F). R.C. 2950.11(H) provides a manner in which to remove the community-notification requirement as it pertains to an offender who is currently under a community-notification sanction. This language contrasts distinctly with that used in R.C. 2950.11(F)(2), which details the manner in which the community-notification requirement is initially determined with respect to a defendant who is notified of his or her sexual-offender status under the provisions of Senate Bill 10. Further, there is no indication that these two divisions are to be read in conjunction with each other, and there are no internal cross-references. In fact, like the community-notification requirement of R.C. 2950.11(F)(2), the current form of R.C. 2950.11(H) is also a continuation of its prior version. See former R.C 2950.11(H), 2006 Am.Sub.S.B. No. 260. In sum, R.C. 2950.11(H) deals with an issue completely separate from that which R.C. 2950.11(F) addresses and does not apply to determinations regarding the application of the community-notification requirement after the effective date of R.C. 2950.11 as amended by Senate Bill 10.

**IV**

**{¶ 14}** Based on the foregoing, we hold that the community-notification provisions of R.C. 2950.11(F)(2) apply to defendants who are notified of their sexual-offender status after January 1, 2008, the effective date of the amendment of that section by Senate Bill 10. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

_____

Dennis P. Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellant.

John M. Prusak, for appellee.

Timothy Young, Ohio Public Defender, and Claire R. Cahoon, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.

_____