[Cite as *In re R.M.*, 2014-Ohio-1200.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: R.M. | : | APPEAL NO. C-120166 |
| | | TRIAL NO. 09-216X |
| | : | |
| | : | *O P I N I O N.* |

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 26, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Appellee,

Office of the Ohio Public Defender, and *Amanda J. Powell*, Assistant State Public Defender, for Appellant, R.M.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Appellant R.M., a minor, appeals from the juvenile court's entry overruling his objections and adopting a magistrate's decision classifying him as a juvenile offender registrant ("JOR"), under Ohio's sex offender registration and notification scheme and imposing punishment beyond his 21st birthday.   We affirm.

*Factual and Procedural Background*

{¶2}    In January 2009, R.M., then age 14, entered the home of a 70-year-old woman and raped her despite her pleas for mercy.  R.M. had selected his victim for the most casual of reasons: her porch light had been illuminated.  He was apprehended and was adjudicated a delinquent child for committing an act that would have constituted rape, in violation of R.C. 2907.02, punishable as a felony of the first degree, had he been an adult.

{¶3}    After a risk assessment and psychological evaluation had been performed, the juvenile court committed R.M. to the legal custody of the Department of Youth Services ("DYS") for institutionalization in a secure facility for an indefinite period of at least 12 months' duration.  The court also ordered DYS to provide treatment for R.M.'s sexual problems.

{¶4}    In October 2011, with R.M.'s release from the secure facility imminent, a juvenile court magistrate conducted a hearing to determine whether R.M. would be classified as a JOR.  The magistrate heard the testimony of a child psychiatrist who had examined R.M., and of a DYS parole officer, and reviewed extensive records of R.M.'s stay and treatment at DYS.

{¶5}    The magistrate found that R.M. had been physically and sexually abused by his mother's boyfriends.  He had a history of cruelty to animals, having previously killed a dog and a goose.  R.M. had committed the rape of his 70-year-old

2

victim with great violence. And after nearly three years of intensive mental-health treatment, R.M.'s behavior was poor. He had committed repeated acts of violence against other DYS residents, had threatened DYS staff, and had exposed his genitals to a nurse. In the month prior to the hearing, R.M. had stolen from and had assaulted DYS staff, had punched a computer, and had commandeered the public-address system to broadcast sexually explicit statements to other residents. R.M. continued to be troubled with poor impulse control. The magistrate concluded that he was at a high risk "to re-offend criminally," and at "a moderate risk to re-offend sexually."

{¶6} After considering the evidence and the argument of R.M.'s experienced counsel, the magistrate classified R.M. as a Tier III JOR and determined that community notification was warranted to protect the public.

{¶7} In January 2012, 32 months after he had been adjudicated delinquent, the juvenile court overruled R.M.'s objections and adopted the magistrate's decision. The court classified R.M. as a Tier III JOR with a lifetime duty to register with the sheriff every 90 days. The juvenile court also adopted the magistrate's determination that lifetime community notification was warranted.

{¶8} R.M. appealed raising three assignments of error.

### Punishment Extending Into Adulthood

{¶9} In his first assignment of error, R.M. claims that by imposing punishment for delinquency that will extend beyond his 21st birthday, the juvenile court violated his right to due process.

{¶10} This court rejected this argument in *In re Raheem L.*, 2013-Ohio-2423, 993 N.E.2d 455, ¶ 12 (1st Dist.), *discretionary appeal not allowed*, 136 Ohio St.3d 1560, 2013-Ohio-4861, 996 N.E.2d 987. In that case, because the offender was 16 years old when he committed a sexual offense, his classification was controlled by R.C.

2152.83(A) which mandated that the juvenile court classify the child a JOR and order periodic registration with the sheriff. *See id.* at ¶ 2. The juvenile was classified as a JOR and a Tier II sex offender with a 20-year registration obligation. *See id.* His mandatory classification occurred and the sanctions were imposed less than seven weeks after the initial complaint had been filed. *See id.* at ¶ 19.

{¶11} We held that due process, under both the federal and Ohio constitutions, did not prohibit the legislature from punishing children for delinquency beyond their 21st birthdays by classifying them as JORs under R.C. 2152.83(A) because no fundamental right was implicated and the punishment was rationally related to the government's legitimate interest in enforcing its criminal laws against juveniles. *See id.* at ¶ 9-10. We affirmed the juvenile court as we could not say that the punishment authorized by R.C. 2152.83(A) was irrational. *See id.* at ¶ 10.

{¶12} Here, R.M. was 14 years old at the time of the rape offense, did not have a prior adjudication for a sexually oriented offense, and had not been labeled a serious youthful offender. Therefore, his classification was controlled by R.C. 2152.83(B)(1).

{¶13} Under this statute, the juvenile court is granted wide discretion over whether to hold a classification hearing in the first instance, over whether to classify the offender as a JOR if a hearing is held, over which tier the JOR should be placed in, and over whether, if the offender is determined to be a Tier III sex offender, he will be subject to the community-notification requirements of R.C. 2950.10 and 2950.11. *See* R.C. 2152.83.(B)(1), 2152.83(B)(2), 2152.83(C)(2), and 2152.831; *see also In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 20 ("Which tier [a JOR] is placed in rests within the juvenile court's discretion.").

{¶14} In determining whether to classify an offender as a JOR and in ascertaining which tier sex-offender status the juvenile will be assigned, the juvenile

court, after reviewing the effectiveness of the disposition of the child in a secure facility and of any treatment provided, is required to consider all relevant factors, including, but not limited to: (1) the nature of the sexually oriented offense; (2) whether the offender has shown genuine remorse or compunction for the offense; (3) the public interest and safety; (4) the factors set forth in R.C. 2950.11(K); (5) the relevant factors set forth in R.C. 2929.12(B) and (C); and (6) the results of any treatment provided to the offender and any follow-up professional assessment. *See* R.C. 2152.83(D).

{¶15} As R.M. acknowledges, the juvenile courts are creatures of statute with limited jurisdiction set by the General Assembly. *See In re Agler*, 19 Ohio St.2d 70, 72-74, 249 N.E.2d 808 (1969). And the General Assembly has acted to extend that jurisdiction over JORs like R.M. beyond their 21st birthdays.

{¶16} Both R.C. 2152.22(A) and R.C. 2152.83(E) specifically exempt juvenile sex offender dispositional orders from the general rule that the jurisdiction of the juvenile courts to impose dispositional orders over an offender ends when the child attains 21 years of age. *See* R.C. 2152.23(A)(15). And R.C. 2152.83(E) provides that registration and community-notification orders issued under R.C. 2152.83(B), including those setting the duration of the sanction and modifying or terminating the sanction, are not affected or terminated by the "child's attainment of eighteen or twenty-one years of age * * *, and the order remains in effect for the period of time described in this division."

{¶17} Thus, here, as in *In re Raheem L.*, we reject the juvenile's argument. R.M. has not cited any authority that recognizes his fundamental right to avoid punishment that extends beyond age 21. *See In re Raheem L.*, 2013-Ohio-2423, 993 N.E.2d 455, at ¶ 10. The punishment imposed on R.M., authorized under R.C. 2152.83(B), and consigned to the sound discretion of the juvenile court, was imposed

32 months after he was adjudicated delinquent. The punishment was rationally related to the valid state interest in enforcing criminal laws against juveniles and in imposing significant penalties where appropriate. *See id.* at ¶ 11; *see also In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 78 and 82. And the General Assembly conferred jurisdiction upon the juvenile court to impose sanctions lasting beyond R.M.'s 21st birthday. R.M. has, therefore, failed to show that either the Due Process Clause of the Ohio Constitution or the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the juvenile court from punishing a child for delinquency into adulthood. *See In re Raheem L.* at ¶ 12; *see also In re D.R.*, 5th Dist. Knox No. 13CA27, 2014-Ohio-588, ¶ 28; *In re D.S.*, 5th Dist. Licking No. 13-CA-58, 2014-Ohio-867, ¶ 62. The first assignment of error is overruled.

### *Community Notification Does Not Violate Due Process*

{¶18} In his third assignment of error, R.M. asserts that the community-notification provisions of R.C. 2950.11 violate a child's right to due process by requiring law enforcement officials to disseminate information about the youth's juvenile adjudication to the public.

{¶19} Community notification involves the release of information about sex offenders and child-victim offenders to public agencies and the general public to further the governmental interests of public safety and public scrutiny of the criminal, juvenile, and mental-health systems. *State v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, 925 N.E.2d 133, ¶ 4, citing R.C. 2950.02(A)(6).

{¶20} As R.M. argues, Ohio's juvenile court system is structured to ensure privacy so that a delinquent child may be rehabilitated and not have to carry the stigma of a youthful transgression into adulthood. *See In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 63; *see also* Juv.R. 37(B) ("No public use shall be made

by any person, including a party, of any juvenile court record * * *, except" for purposes of appeal or by court order).

{¶21} R.M. maintains that lifetime community-notification requirements "anchor the juvenile offender to his crime." *See In re C.P.* at ¶ 47. And requiring community notification while an offender is still undergoing rehabilitation thwarts the two essential prerequisites of juvenile rehabilitation: confidentiality and the avoidance of stigmatization. *See id.* at ¶ 67. Therefore, R.M. argues that the community-notification sanction is so onerous that, by itself, its imposition violates due process, and that R.C. 2950.11 is unconstitutional as applied to JORs like R.M. Again, on the authority of *In re Raheem L.*, we disagree.

{¶22} Under the statutory scheme applied to R.M.—a JOR who committed his offense at age 14, and who has been released from a secure facility—the juvenile court has discretion on whether to impose community notification. *See* R.C. 2152.83(C)(2); *see also In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 20 ("JORs assigned to Tier III are subject to community notification only if the juvenile court orders it * * *.").

{¶23} The juvenile court retains discretion to tailor the sanction to the seriousness of the offense, the offender's progress or lack of progress in rehabilitation, and the need "to provide increased protection and security for the state's residents from persons who have been convicted of, or found to be delinquent children for committing, a sexually oriented offense * * *." 2007 Am.Sub.S.B. No. 10, Section 5. Even if rehabilitative efforts have not achieved their ultimate aim, the juvenile court retains the discretion not to impose community notification. The court may later reclassify the offender to a lower tier and end the community-notification requirement. *See* R.C. 2152.85(A)(1); *see also In re C.P.* at ¶ 23. The scheme thus maintains "the juvenile

system's core emphasis on individual, corrective treatment and rehabilitation." *See In re C.P.* at ¶ 77. The imposition of community notification under R.C. 2152.83(C) is committed to the "unique expertise of a juvenile judge" thus ensuring the fundamental fairness of the process. *See id.* at ¶ 76.

{¶24} Thus, under both the federal and Ohio constitutions, due process does not prohibit the General Assembly from providing juvenile courts with the discretion to impose lifetime community notification on JORs. R.M. has not identified any fundamental right of a child to avoid this sanction. The imposition of community notification is rationally related to the government's legitimate interest in protecting public safety, a principal purpose of juvenile dispositions. *See* R.C. 2152.01(A); *see also In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 46. The third assignment of error is overruled. *See In re Raheem L.* at ¶ 9-10.

### *The Imposition of Community Notification*

{¶25} In his second assignment of error, R.M. argues that the juvenile court erred in imposing community notification when it had failed to consider the factors set forth in R.C. 2950.11(F)(2) and when it did not "find" that he would not have been subject to community notification under prior law. We disagree.

{¶26} R.C. 2950.11(F)(2) gives a trial court discretion to not impose community notification "if [it] finds at a hearing after considering the [eleven] factors described" in the subsection that the offender would not have been subject to notification requirements under prior law as a sexual predator or habitual sex offender. *See McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, 925 N.E.2d 133, at ¶ 4; *see also State v. Downing*, 10th Dist. Franklin No. 09AP-420, 2009-Ohio-6482, ¶ 5.

{¶27} R.C. 2950.11(F)(2) has primary application in adult sex offender cases where, pursuant to subsection (F)(1), an adult Tier III sex offender is subject to

community notification as a default sanction. For Tier III JORs like R.M., however, community notification is not an automatic sanction. *See In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 20. JORs assigned to Tier III are subject to the community-notification requirements contained in R.C. 2950.10 and 2950.11 only if the juvenile court imposes them. And the juvenile court has wide discretion to impose those requirements or to refrain from doing so. *See* R.C. 2152.83(C)(2); *see also In re C.P.* at ¶ 20; *In re B.T.*, 5th Dist. Morrow No. 11-CA-3, 2011-Ohio-5299, ¶ 44. We will not disturb the juvenile court's decision absent an abuse of that discretion. *See State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶28} While R.C. 2950.11(F)(2) requires a juvenile court to consider the factors in the statute, it does not require the juvenile court to make specific findings to justify imposing community notification. *See State v. Kerekgyarto*, 6th Dist. Lucas No. L-12-1115, 2013-Ohio-2805, ¶ 12; *see also In re B.T.*, 5th Dist. Morrow No. 11-CA-3, 2011-Ohio-5299, ¶ 44. A presumption of regularity attaches to all judicial proceedings, including sexual-offender proceedings. *See, e.g., State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. Here, R.M. did not request a hearing under R.C. 2950.11(F)(2). The record does not demonstrate that the magistrate or the juvenile court failed to consider R.C. 2950.11(F)(2) in reaching the decision to impose community notification. The magistrate and the court carefully considered all relevant evidence in light of the factors listed in R.C. 2152.83, which largely track the factors in R.C. 2950.11(F)(2).

{¶29} In reviewing the record here, we hold that the juvenile court did not abuse its discretion in imposing community notification. Its decision exhibited a "sound reasoning process" and will not be disturbed on appeal. *See State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v.*

*River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597

(1990). The second assignment of error is overruled.

{¶30} Therefore, the judgment of the juvenile court is affirmed.

Judgment affirmed.

**HENDON, P.J., HILDEBRANDT** and **CUNNINGHAM, JJ.**