[Cite as *State v. Thomas*, 2016-Ohio-501.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150294 |
| | | TRIAL NO. B-1103110 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| EMANUEL THOMAS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  February 12, 2016



*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Marguerite Slagle,* Assistant Public Defender, for Defendant-Appellant.



Please note:  this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} Defendant-appellant Emanuel Thomas, a convicted Tier III sex offender, appeals the judgment of the trial court dismissing his motion for a hearing for exemption from community notification under R.C. 2950.11(F)(2). In his sole assignment of error, Thomas contends that the trial court erred in concluding that he did not have the right to petition the court pursuant to R.C. 2950.11(F)(2) for a hearing to determine whether he should be subject to community notification. We hold that trial court did not err in dismissing Thomas's motion. We therefore overrule Thomas's sole assignment of error and affirm the judgment of the trial court.

{¶2} In 2011, Thomas was indicted for two counts of sexual battery, in violation of R.C. 2907.03(A)(5), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1). He pleaded guilty to one count of sexual battery and signed an explanation of duties to register as a Tier III sex offender. The trial court sentenced Thomas to three years' incarceration and credited him with 78 days served. His term of incarceration expired on May 11, 2014.

{¶3} On September 24, 2014, Thomas filed a motion for a hearing pursuant to R.C. 2950.11(F)(2), seeking exemption from that section's notification requirement. The state subsequently filed a motion to dismiss Thomas's motion, arguing that Thomas was not entitled to a hearing under R.C. 2950.11(F)(2), because the statute does not apply to a previously sentenced offender whose community notification requirement was currently being enforced. Additionally, the state argued that under the applicable statute, R.C. 2950.11(H), Thomas had to wait 20

years to seek exemption from community notification. The trial court held a hearing on the motions, and dismissed Thomas's motion. He timely appealed.

{¶4} In Thomas's sole assignment of error, he argues that the trial court erred in concluding that he did not have the right to petition the court for a hearing to determine whether he should be subject to community notification. Thomas contends that the plain language of R.C. 2950.11(F)(2) entitles him to a hearing to determine whether he should be exempt from community notification.

{¶5} Questions of statutory interpretation are reviewed de novo. *Greenacres Found. v. Bd. of Bldg. Appeals*, 1st Dist. Hamilton No. C-120131, 2012-Ohio-4784, ¶ 10; *see State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8. As a general rule, the words and phrases of a statute will be read in context and construed according to the rules of grammar and common usage. R.C. 1.42. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for statutory interpretation. *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph four of the syllabus.

{¶6} Ohio's law governing the classification and registration of sex offenders, and the related community notification requirement, is codified at R.C. Chapter 2950. Prior to 2008, the statutes were known as Megan's Law, and provided judges with discretion regarding the classification of a person convicted of a sexually oriented offense, as well as whether community notification was required for habitual sexual offenders. *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 18-28.

{¶7} This chapter was amended, effective in 2008, to conform to the federal Adam Walsh Child Protection and Safety Act ("AWA"). The AWA made registration, verification, and community notification requirements part of the penalty for the

offense. *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6; *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 10; *see State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16-21. Classification of a sex offender is now automatic depending on the offense. A judge does not have discretion to determine which classification best fits the offender. *Bodyke* at ¶ 22. "[A]ll the registration requirements apply without regard to the future dangerousness of the sex offender. Instead, registration requirements and other requirements are based solely on the fact of a conviction." *Williams* at ¶ 19; *see State v. Clay*, 177 Ohio App.3d 78, 2008-Ohio-2980, 893 N.E.2d 909, ¶ 6 (1st Dist.).

{¶8} Likewise, community notification requirements for certain classified offenders are automatic, except that a judge does have the discretion in an individual case to exempt an offender from the notification provisions set forth in R.C. 2950.11. *See In re R.M.*, 1st Dist. Hamilton No. C-120166, 2014-Ohio-1200, ¶ 26-27. R.C. 2950.11(F)(2) provides in pertinent part:

> The notification provisions of this section do not apply to a person described in division (F)(1)(a), (b), or (c) of this section if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to January 1, 2008.

Thus, under the AWA, community notification is automatic, unless exempted pursuant to R.C. 2950.11(F)(2).

{¶9} In *State v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, 925 N.E.2d 133, the Ohio Supreme Court examined R.C. 2950.11(F)(2) and its application. Although that case dealt principally with whether R.C. 2950.11(F)(2)

applied solely to offenders sentenced prior to the enactment of the AWA, the court's interpretation of the statute's applicability provides guidance. In particular, the court noted the important distinction in applicability between R.C. 2950.11(F)(2) and 2950.11(H):

> R.C. 2950.11(H) provides a manner in which to remove the community-notification requirement as it pertains to an offender who is currently under a community-notification sanction. This language contrasts distinctly with that used in R.C. 2950.11(F)(2), which details the manner in which the community-notification requirement is initially determined with respect to a defendant who is notified of his or her sexual-offender status under the provisions of [R.C. Chapter 2950].

*McConville* at ¶ 13.

{¶10} In *Acheson v. State*, 12th Dist. Warren No. CA2009-06-066, 2010-Ohio-1946, ¶ 28, the court followed *McConville* in analyzing the different applications of R.C. 2950.11(F)(2) and 2950.11(H). "R.C. 2950.11(H) was a separate provision which permitted the suspension of the community notification requirements for an offender who had already been enduring that sanction. By contrast, R.C. 2950.11(F)(2) contained language which referred to the initial imposition of the community notification requirement." *Id.* at ¶ 28, citing *McConville* at ¶ 13.

{¶11} None of the cases interpreting or referencing R.C. 2950.11(F)(2) support Thomas's argument for application of that section subsequent to the imposition of community notification. Indeed, most of the cases deal with determinations of notification requirements at or before sentencing. *See, e.g., State*

*v. Chambers*, 12th Dist. Brown No. CA2009-07-031, 2010-Ohio-3559 (holding on direct appeal that because the defendant was on notice of his notification requirement and failed to request a R.C. 2950.11(F)(2) hearing at the time of trial, the trial court did not err in failing to hold such a hearing); *State v. Wood*, 5th Dist. Stark No. 09-CA-205, 2010-Ohio-2759, ¶ 36 (holding that because the defendant failed to request a R.C. 2950.11(F)(2) hearing at sentencing, the trial court did not err in failing to suspend his community notification).

{¶12} Although R.C. 2950.11(F)(2) does not specify a time period for invoking the statute, the statute's language indicates that any attempt to obtain an exemption from notification provisions pursuant to R.C. 2950.11(F)(2) must occur prior to or at the time of sentencing. Indeed, R.C. 2950.11(F)(2)(c), (d), and (i) all speak of factors to consider regarding the offense "for which sentence is to be imposed or the order of disposition is to be made." That *in futuro* language very clearly contemplates a determination of exemption being made at or before sentencing.

{¶13} In contrast, R.C. 2950.11(H) unmistakably provides that an offender who is already "subject to community notification" may move the court to issue an order "suspending the community notification requirement" not earlier than 20 years after the duty to register begins. Allowing an offender to move for exemption from a notification requirement at any time pursuant to R.C. 2950.11(F)(2) would render the time restraint clause in R.C. 2950.11(H) virtually meaningless. It is well established that courts should construe statutes to give effect to all words and avoid any construction that renders a provision meaningless. *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21.

{¶14}  The appropriate time for a R.C. 2950.11(F)(2) hearing is at or before the time of sentencing.  A defendant who fails to petition or move the trial court for a hearing pursuant to R.C. 2950.11(F)(2) at or before sentencing may not raise as error on direct appeal or on appeal or at a later time a court's failure to conduct such a hearing.  *See Chambers*, 12th Dist. Brown No. CA 2009-07-031, 2010-Ohio-3559, at ¶ 7-9;  *Wood*, 5th Dist. Stark No. 09-CA-205, 2010-Ohio-2759*,* at ¶ 39; *see also State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) (party who fails to raise an argument in the court below waives the right to raise it on appeal).

{¶15}  Because Thomas did not request a hearing and the trial court did not sua sponte hold a hearing at or before the time of sentencing, he is not entitled to a hearing under R.C. 2950.11(F)(2).  We overrule Thomas's sole assignment of error. We affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J.**, and **FISCHER, J.,** concur.


Please note:

This court has recorded its own entry this date.

7