[Cite as *State v. Wright*, 2022-Ohio-3068.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 22AP-275 (C.P.C. No. 19CR-5886) |
| Brooke M. Wright, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on September 1, 2022

---

[*Janet A. Grubb*, First Assistant Prosecuting Attorney], and *Seth L. Gilbert*, for appellant.

*The Tyack Law Firm Co., L.P.A., Jonathan T. Tyack*, and *Holly B. Cline*, for appellee.

---

ON MOTION FOR LEAVE TO APPEAL

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio, has filed a motion seeking leave to appeal an order of the Franklin County Court of Common Pleas which exempted defendant-appellee, Brooke M. Wright, from community notification requirements. Wright opposes the state's motion and has filed a motion to dismiss the appeal. For the reasons which follow, we grant the state's motion for leave to appeal and deny Wright's motion to dismiss.

I. **Facts and Procedural History**

{¶ 2} On November 13, 2019, the state indicted Wright on two counts of sexual battery, in violation of R.C. 2907.03, felonies of the third degree; and two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, felonies of the third degree. The indictment specified the victim was 13 years of age or older but less than 16 years of age at

the time of the offense, and that Wright was a teacher, administrator, or other person of authority at a school in which the victim was enrolled. On September 16, 2020, Wright pled guilty to two counts of sexual battery. The court informed Wright at the plea hearing that, as a result of her guilty pleas, she would be "registered as a Tier III sex offender" which required in person registration and "notif[ication to] the community." (Mot. for Leave to Appeal, Ex. C, Plea Hearing Tr. at 6.) The court accepted Wright's guilty pleas and entered a nolle prosequi to the other two charges.

{¶ 3} At the February 4, 2021 sentencing hearing, the court informed Wright she would be a Tier III sex offender and "subject to community notification requirements." (Mot. for Leave to Appeal, Ex. D, Sentencing Tr. at 12.) Wright signed a form titled "Explanation of Duties to Register as a Sex Offender" at the sentencing hearing, which informed Wright she was a Tier III sex offender subject to community notification pursuant to R.C. 2950.11(F). (Mot. for Leave to Appeal, Ex. E.) On February 5, 2021, the court issued a judgment entry sentencing Wright to concurrent four-year terms of imprisonment on both counts of sexual battery. The sentencing entry stated the court had informed Wright she would be classified as a Tier III sex offender "with registration duties to last a lifetime; in person verification is required every ninety (90) days and community notification will be sent." (Mot. for Leave to Appeal, Ex. F.)

{¶ 4} Wright filed a motion for judicial release pursuant to R.C. 2929.20 on October 4, 2021. The court held a hearing on the motion for judicial release on February 17, 2022 and informed the parties that it would grant the motion. At the judicial release hearing, defense counsel asked the court to issue an order exempting Wright from community notification pursuant to R.C. 2950.11(F)(2). The court set the community notification issue for a separate hearing. Wright was released from prison on February 19, 2022.

{¶ 5} On March 2, 2022, Wright filed a motion for exemption from community notification pursuant to R.C. 2950.11(F)(2). The state filed a memorandum contra Wright's motion on March 16, 2022 asserting the applicable subsection governing Wright's request for exemption was R.C. 2950.11(H). At the March 24, 2022 hearing on the motion for exemption, Wright asserted she moved for exemption under R.C. 2950.11(F)(2) at "the appropriate time," as she sought exemption before she was "subject to the community-

notification requirement." (Mot. for Leave to Appeal, Ex. N, Mot. Hearing Tr. at 4.) The state argued that, after sentencing, a request for exemption from community notification was governed by R.C. 2950.11(H), not (F)(2).

{¶ 6} The court issued a decision granting Wright's motion for exemption on April 5, 2022. The court concluded that Wright timely sought exemption from community notification pursuant to R.C. 2950.11(F)(2), as Wright moved for exemption prior to her release from prison and thus prior to her duty to register as a sex offender pursuant to R.C. 2950.07(A)(3). The court further concluded that R.C. 2950.11(H) was not relevant to its decision under R.C. 2950.11(F)(2). After considering the information contained in the pre-sentence investigation report, the court found Wright qualified for exemption from community notification under R.C. 2950.11(F)(2).

{¶ 7} On May 5, 2022, the state filed a notice of appeal in the common pleas court and the present motion seeking leave to appeal.[1]

## II. Analysis

{¶ 8} The state initially contends that it may appeal the April 5, 2022 decision as of right pursuant to R.C. 2953.08(B)(2) and/or 2950.11(H)(3). However, if we find the state may not appeal as a matter of right, the state asks that we grant it leave to appeal.

{¶ 9} R.C. 2945.67(A) grants the state a substantive, but limited, right of appeal in criminal cases. *State v. Oluch*, 10th Dist. No. 10AP-1038, 2011-Ohio-3998, ¶ 6, citing *State v. Slatter*, 66 Ohio St.2d 452, 456-57 (1981). *See State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 35 (1984); *State v. Davidson*, 17 Ohio St.3d 132, 134 (1985). The state may appeal as of

---

[1] Wright states in her opposition to the state's motion for leave to appeal that this court lacks jurisdiction to address the present appeal because the "State does not have a substantial right to appeal in this special statutory proceeding." (Memo in Opp. at 15.) However, Wright does not further develop her jurisdictional argument. Appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. *See generally* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02. R.C. 2505.02(B)(2) provides that a final order includes an order which "affects a substantial right made in a special proceeding." A special proceeding is an action or proceeding that was specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. R.C. 2505.02(A)(2). The proceeding to remove community notification pursuant to either R.C. 2950.11(F)(2) or (H) qualifies as a special proceeding, as both are specially created by statute and did not exist at common law. An order affects a substantial right only if, in the absence of an immediate appeal, it forecloses appropriate relief in the future, or prejudices one of the parties involved. *Kelm v. Kelm*, 93 Ohio App.3d 686, 691 (10th Dist.1994). The trial court's order exempting Wright from community notification affects a substantial right because, in the absence of appeal, Wright will not be subject to community notification which would otherwise be required for a Tier III sex offender. Accordingly, the court's April 5, 2022 decision was a final order subject to appeal.

right an order which: (1) grants a motion to dismiss all or any part of an indictment, complaint, or information, (2) grants a motion to suppress evidence, (3) grants a motion for the return of seized property, or (4) grants postconviction relief. R.C. 2945.67(A). The statute further provides that, with the exception of final verdicts, the state may appeal any other decision in a criminal case "by leave of the court to which the appeal is taken." R.C. 2945.67(A). *See In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, ¶ 31, citing *State v. Matthews*, 81 Ohio St.3d 375, 378 (1998) (holding that "even when a trial court's order constitutes a final order pursuant to R.C. 2505.02 and 2505.03, the state may appeal from that order only by leave of the court of appeals unless it is one of the types of orders that R.C. 2945.67(A) permits the state to appeal as of right"); *State v. Caulley*, 10th Dist. No. 12AP-100, 2012-Ohio-2649, ¶ 6. The court's April 5, 2022 decision was not one of the four categories of orders identified in R.C. 2945.67(A) which the state may appeal as of right.

{¶ 10} R.C. 2945.67(A) further provides that "[i]n addition to any other right to appeal under this section or any other provision of law," a prosecuting attorney may appeal pursuant to R.C. 2953.08. R.C. 2953.08(B) provides the state with a right to appeal a sentence imposed upon a defendant "who is convicted of or pleads guilty to a felony," if any of the following apply:

> (1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code.
>
> (2) The sentence is contrary to law.
>
> (3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

{¶ 11} The state contends that, because the trial court's decision unlawfully exempted Wright from community notification under R.C. 2950.11(F)(2), and R.C. Chapter 2950 is punitive, the April 5, 2022 decision imposed a sentence which was contrary to law. As such, the state contends that it may appeal the April 5, 2022 decision pursuant to R.C. 2953.08(B)(2).

{¶ 12} In 1996, the General Assembly enacted Ohio's version of Megan's Law, codified in R.C. Chapter 2950, which "created Ohio's first comprehensive registration and

classification system for sex offenders." *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 7. In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("S.B. 10") which repealed Megan's Law and, in its place, adopted Ohio's version of the federal Adam Walsh Child Protection and Safety Act ("AWA"), 42 U.S.C. 16901, et seq. *See State v. Chapman*, 10th Dist. No. 15AP-70, 2015-Ohio-4042, ¶ 4.

{¶ 13} In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, the court held that "[f]ollowing the enactment of S.B. 10, all doubt has been removed: R.C. Chapter 2950 is punitive." *Williams* at ¶ 16. The *Williams* court therefore concluded that S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violated the Ohio Constitution's provision against retroactive laws. *Id.* at ¶ 21. *See also State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, ¶ 9; *State v. Wallace*, 10th Dist. No. 17AP-818, 2019-Ohio-1005, ¶ 11. However, the Supreme Court of Ohio recently clarified that *Williams* "did not decide that any specific element of the [R.C. Chapter 2950] statutory scheme constitutes a criminal penalty." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 22. The *Dangler* court explained that R.C. Chapter 2950 "contains a mixture of remedial and punitive elements," and that it was only the "statutory scheme as a whole that the court deemed to be punitive." *Dangler* at ¶ 22.

{¶ 14} Even if we accept, without deciding, that community notification is part of an offender's sentence, the court's April 5, 2022 decision did not impose Wright's sentence. *See* R.C. 2929.01(EE) (defining a "[s]entence" as the "sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense"). At the sentencing hearing and in the sentencing entry, the court informed Wright she would serve a term of imprisonment, be classified as a Tier III sex offender, and be subject to registration and community notification requirements. Accordingly, the court's April 5, 2022 decision exempting Wright from community notification modified one aspect of Wright's sentence.

{¶ 15} R.C. 2953.08(B)(2) "does not refer to the *modification* of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a *sentence* imposed on a defendant on the grounds that '[t]he sentence is contrary to law.' " (Emphasis sic.) *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, at ¶ 22, quoting R.C. 2953.08(B)(2). Thus, R.C. 2953.08(B)(2) "does not apply to a modification of a sentence that is allegedly

contrary to law." *Cunningham* at ¶ 22. Although *Cunningham* addressed whether the state could appeal a decision granting judicial release pursuant to R.C. 2953.08(B)(2), courts have found that R.C. 2953.08(B)(2) similarly does not apply to other types of sentence modifications. *See State v. Crawford*, 5th Dist. No. 07 CA 8, 2007-Ohio-3516, ¶ 17-26 (holding that R.C. 2953.08(B)(2) did not permit the state to appeal a trial court's post-sentence "modification and removal of [defendant's post-release control] obligation"); *State v. Raitz*, 6th Dist. No. L-03-1118, 2003-Ohio-5687, ¶ 13 (holding that the state could not appeal, pursuant to R.C. 2953.08(B)(2), a trial court's post-sentence decision modifying the defendant's sentence to include occupational driving privileges, as the "legislature did not intend for [R.C. 2953.08(B)] (1) and (2) to apply to [sentence] modifications"). *See also State v. Sparks*, 178 Ohio App.3d 272, 2008-Ohio-4664, ¶ 7 (4th Dist.). Accordingly, R.C. 2953.08(B)(2) does not provide the state with authority to appeal the April 5, 2022 decision as a matter of right.

{¶ 16} The state also contends it may appeal the April 5, 2022 decision as of right pursuant to R.C. 2950.11(H)(3). R.C. 2950.11(H)(3) provides a prosecuting attorney the right to appeal "an order approving or denying a motion made under division (H)(1) of this section." The state asserts that, although "the trial court relied on R.C. 2950.11(F)(2), the [April 5, 2022] decision [was] in reality an order granting relief under R.C. 2950.11(H)." (Mot. for Leave to Appeal at 4.) However, Wright did not seek relief from community notification pursuant to R.C. 2950.11(H), and the trial court did not order exemption pursuant to R.C. 2950.11(H). Even if the trial court erred by granting Wright's motion for exemption from community notification pursuant to R.C. 2950.11(F)(2), that potential error does not transform the court's decision into an order approving a motion made pursuant to R.C. 2950.11(H)(1). Thus, as the April 5, 2022 decision was not an order approving a motion under R.C. 2950.11(H)(1), R.C. 2950.11(H)(3) does not grant the state a right to appeal.

{¶ 17} As the state does not have authority to appeal the April 5, 2022 decision as of right, the state must seek leave to appeal. " 'The decision to grant or deny a motion for leave to appeal by the state in a criminal case is solely within the discretion of the court of appeals.' " *State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739, ¶ 13 (10th Dist.), quoting *State v. Fisher*, 35 Ohio St.3d 22, 26 (1988). App.R. 5 governs the procedural requirements

of a prosecution's motion for leave to appeal. *In re T.A.*, 10th Dist. No. 07AP-327, 2007-Ohio-4417, ¶ 7. The state's motion for leave must "set forth the errors that the movant claims occurred in the proceedings of the trial court" and establish, by affidavit or parts of the record, "to show the probability that the errors claimed did in fact occur." App.R. 5(C).

{¶ 18} The state presents the following two claimed errors in its motion:

> [I.] The trial court erred in granting Wright's "Motion for Exemption from Community Notification Requirement," as Wright did not seek relief from community notification at or before sentencing as required by R.C. 2950.11(F)(2), and the 20-year period had not expired as required by R.C. 2950.11(H)(2).

> [II.] The trial court erred in granting Wright's "Motion for Exemption from Community Notification Requirement" without making the statutory findings under R.C. 2950.11(H)(1).

{¶ 19} The state first contends the trial court erred by granting Wright's motion for exemption from community notification pursuant to R.C. 2950.11(F)(2). The state asserts that any post-sentence request for exemption from community notification must be made pursuant to R.C. 2950.11(H), but that Wright could not satisfy the 20-year waiting period required by R.C. 2950.11(H)(2).

{¶ 20} R.C. 2950.11 codifies the requirements for community notification of sex offenders enacted by S.B. 10. *See Acheson v. State*, 12th Dist. No. CA2009-06-066, 2010-Ohio-1946, ¶ 19. R.C. 2950.11(A) identifies individuals who must receive notification of registered sex offenders. R.C. 2950.11(F)(1) provides that a Tier III sex offender is subject to the community notifications provisions of R.C. 2950.11(A), "[e]xcept as provided in division (F)(2)." R.C. 2950.11(F)(2) states that the notification provisions of R.C. 2950.11(A) do not apply "if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to January 1, 2008." In making the determination under R.C. 2950.11(F)(2), a court must consider the factors in R.C. 2950.11(F)(2)(a) through (k).

{¶ 21} R.C. 2950.11(H) provides that, when an offender "is subject to community notification under this section," upon motion, a court may hold a hearing "to determine

whether the interests of justice would be served by suspending the community notification requirement." R.C. 2950.11(H)(1). A party may not file a motion seeking relief under R.C. 2950.11(H)(1) until 20 years after the offender's duty to register as a sex offender begins. R.C. 2950.11(H)(2). The court may grant a motion made under R.C. 2950.11(H)(1) if it finds, after considering the factors in R.C. 2950.11(K), that the offender is "unlikely to commit in the future a sexually oriented offense" and that "suspending the community notification requirement is in the interests of justice." R.C. 2950.11(H)(1).

{¶ 22} In *State v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, the court analyzed whether R.C. 2950.11(F)(2) applied solely to offenders sentenced prior to the enactment of S.B. 10. The court held that R.C. 2950.11(F)(2) "appl[ied] to defendants who are notified of their sexual-offender status after" the effective date of S.B. 10, and proceeded to analyze the statute. *Id*. at syllabus. The court observed that R.C. 2950.11(F)(2) reflects a continuation of the "discretion [provided] to the sentencing judge" under Megan's Law to determine whether "community notification best serves the interests of justice." *Id*. at ¶ 12. The court also noted that R.C. 2950.11(H) was "not relevant" to the determination under R.C. 2950.11(F)(2), as R.C. 2950.11(H) provided a manner "in which to remove the community-notification requirement as it pertains to an offender who is currently under a community-notification sanction," while R.C. 2950.11(F)(2) detailed the "manner in which the community-notification requirement is initially determined." *Id*. at ¶ 13. *Accord Acheson* at ¶ 28, citing *McConville* at ¶ 13.

{¶ 23} Relying on *McConville*[2] and R.C. 2950.07(A)(3), the trial court held that, at the time of the judicial release hearing, it had not yet made an " 'initial determination' whether community notification was required in [Wright's] case" because Wright had no duty to register as a sex offender until her release from prison. (Apr. 5, 2022 Decision at 4.) However, R.C. 2950.11(A) and (F)(1) make community notification automatic for a Tier III sex offender, unless the court exempts the offender from community notification pursuant

---

[2] The trial court also noted that the trial court in *McConville* "held a separate hearing regarding community notification after the initial sentencing hearing." (Apr. 5, 2022 Decision at 5.) As such, the court found the present case "factually closer to *McConville*." (Apr. 5, 2022 Decision at 5.) However, the trial court in *McConville* informed the defendant at the sentencing hearing that the court "would not impose the community notification requirement." *McConville* at ¶ 2. Although the court then set the matter for a subsequent hearing on the community notification issue, the court in *McConville* addressed exemption from community notification at sentencing.

to R.C. 2950.11(F)(2). *See State v. Pletcher*, 4th Dist. No. 08CA3044, 2009-Ohio-1819, ¶ 23 (observing that "[u]nder 2950.11(F)(1)(a), a Tier III sex offender is automatically subject to community notification"). A trial court must provide notice to a defendant of their duty to register as a sex offender "at the time of sentencing," R.C. 2950.03(A)(2), and the sentencing court must "include in the offender's sentence a statement that the offender is a tier III sex offender." R.C. 2929.19(B)(3)(a). The trial court's statements at the sentencing hearing and in the February 5, 2021 sentencing entry demonstrate that the court sentenced Wright to a Tier III sex offender classification which included community notification. Furthermore, as the state notes, pursuant to R.C. 2950.07(A)(1) and 2950.04(A)(1)(a) Wright was obligated to register with the sheriff of Franklin County immediately after sentencing and before she was transferred to the custody of the Ohio Department of Rehabilitation and Correction.[3]

{¶ 24} The state relies on *State v. Thomas*, 1st Dist. No. C-150294, 2016-Ohio-501, to support its contention that an offender may only seek exemption from community notification under R.C. 2950.11(F)(2) at or before sentencing. The *Thomas* court acknowledged that R.C. 2950.11(F)(2) "does not specify a time period for invoking the statute," but found the "statute's language indicates that any attempt to obtain an exemption from notification provisions pursuant to R.C. 2950.11(F)(2) must occur prior to or at the time of sentencing." *Id*. at ¶ 12. *Thomas* relied on the language of R.C. 2950.11(F)(2)(c), (d), and (i) to support its holding, which direct a court considering a motion under R.C. 2950.11(F)(2) to assess:

---

[3] R.C. 2950.07(A)(3), which the trial court relied on, provides that, if an offender's duty to register is imposed pursuant to R.C. 2950.04(A)(2), the offender's duty to comply with those registration requirements "commences on the date of the offender's release from a prison term." R.C. 2950.04(A)(2) provides, generally, that each offender convicted of a sexually oriented offense must register with the sheriff of the county in which the offender resides, attends school, and works. R.C. 2950.07(A)(1) provides that, if an offender's duty to register is imposed pursuant to R.C. 2950.04(A)(1)(a), the offender's duty to register "commences immediately after the entry of the judgment of conviction." R.C. 2950.07(A)(1). R.C. 2950.04(A)(1)(a) provides that "[i]mmediately after a sentencing hearing is held on or after January 1, 2008, for an offender who is convicted of or pleads guilty to a sexually oriented offense and is sentenced to a prison term, * * * and before the offender is transferred to the custody of the department of rehabilitation and correction * * * the offender shall register personally with the sheriff * * * of the county in which the offender was convicted of or pleaded guilty to the sexually oriented offense." As Wright was sentenced to a term of imprisonment for a sexually oriented offense after January 1, 2008, she was obligated to register with the sheriff of Franklin County immediately after sentencing.

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

* * *

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty[.]

{¶ 25} The *Thomas* court observed that the "*in futuro* language" of R.C. 2950.11(F)(2)(c), (d), and (i), referencing the "offense for which sentence is to be imposed," demonstrated that the determination under (F)(2) had to occur "at or before sentencing." *Thomas* at ¶ 12. *Thomas* further observed that "[a]llowing an offender to move for exemption from a notification requirement at any time pursuant to R.C. 2950.11(F)(2) would render the time restraint clause in R.C. 2950.11(H) virtually meaningless." *Id*. at ¶ 13. *See also State v. Starks*, 6th Dist. No. L-16-1013, 2017-Ohio-40, ¶ 3 (noting the appellant "moved to be excluded from the community notification requirements applicable to Tier III sex offenders under R.C. 2950.11(F)(1)" at "the sentencing hearing").

{¶ 26} The trial court distinguished *Thomas* on its facts, noting the offender in *Thomas* moved for exemption under R.C. 2950.11(F)(2) four months after the offender was released from prison, while Wright moved for exemption when she was still incarcerated. However, *Thomas* relied on the language of R.C. 2950.11(F)(2)(c), (d), and (i)[4] to support its holding, not the fact that the offender was no longer incarcerated when he filed his motion pursuant to R.C. 2950.11(F)(2). The trial court did not address the language of the R.C. 2950.11(F)(2) factors in its April 5, 2022 decision. When interpreting a statute, a court's "paramount concern is the legislative intent in enacting the statute," and a court determines legislative intent by reviewing "the statutory language, reading words and

---

[4] In contrast to the language of R.C. 2950.11(F)(2)(c), (d), and (i), the factors in R.C. 2950.11(K), which apply to a court's determination under R.C. 2950.11(H), instruct the court to consider the relevant factor with respect to "the sexually oriented offense or child-victim oriented offense the offender committed." R.C. 2950.11(K)(3), (4), (5), and (9).

phrases in context and construing them according to the rules of grammar and common usage." *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21, citing *State ex rel. Rose v. Lorain Cty. Bd. of Elections*, 90 Ohio St.3d 229, 231 (2000). *See Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶ 21 (stating that, when reviewing a statute, courts should give effect to every word, phrase, sentence, and part of the act).

{¶ 27} We acknowledge the factual differences between *Thomas* and the present case, and that *Thomas* is only persuasive, rather than controlling, authority in this court. However, we find that *Thomas* and the language of R.C. 2950.11(F)(2)(c), (d), and (i) establish the probability that the trial court erred by granting Wright exemption from community notification pursuant to R.C. 2950.11(F)(2). As such, the state has demonstrated a probability that the error alleged in its first claimed error occurred.

{¶ 28} The state's second claimed error asserts the trial court erred by granting Wright's motion for exemption without making the statutory findings required under R.C. 2950.11(H)(1). However, as Wright did not seek exemption from community notification pursuant to R.C. 2950.11(H), the trial court was under no obligation to make the R.C. 2950.11(H)(1) findings. Moreover, Wright would be statutorily barred from seeking relief under R.C. 2950.11(H), as 20 years have not elapsed from when Wright first became obligated to register as a Tier III sex offender. The state fails to demonstrate a probability that its second claimed error occurred.

### III. Conclusion

{¶ 29} As the state has demonstrated a probability that its first claimed error occurred, we grant the state's motion for leave to appeal and deny Wright's motion to dismiss. This appeal shall proceed as an appeal as of right. The clerk shall note the docket.

*Motion for leave to appeal granted;*
*motion to dismiss appeal denied.*

KLATT and SADLER, JJ., concur.

_____