[Cite as *State v. Starks*, 2017-Ohio-40.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-16-1013

　　　　Appellee                                    Trial Court No. CR0201402859

v.

Dante Starks                                          **DECISION AND JUDGMENT**

　　　　Appellant                                  Decided:  January 6, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**YARBROUGH, J.**

{¶ 1} Appellant, Dante Starks, appeals the judgment of the Lucas County Court of

Common Pleas, convicting him of one count of rape in violation of R.C. 2907.02(A)(2)

and (B), a felony of the first degree.  Specifically, appellant appeals the trial court's

determination that he is subject to community notification as a Tier III sex offender.  For

the reasons that follow, we affirm.

## I.  Facts and Procedural Background

{¶ 2} On December 7, 2015, appellant entered an *Alford* plea of guilty to one count of rape in case No. CR0201402859.  The facts as presented by the prosecutor indicate that a week before Thanksgiving in 2013, appellant began touching his 12-year-old daughter, pulled down her pants, and inserted his penis into her genitalia.  The daughter disclosed the abuse and was taken to a hospital where a rape kit was performed.  The prosecutor stated that the testimony would have revealed that a partial y-chromosome DNA profile from the child's vaginal swab would have indicated that it matched appellant.  Notably, at the same hearing, appellant also entered an *Alford* plea in case No. CR0201502384 to one count of gross sexual imposition based on having sexual contact with a different daughter in 2011, when she was nine years old.  Appellant did not appeal his conviction in case No. CR0201502384, and it is not part of this appeal.

{¶ 3} The matter was continued for sentencing on January 14, 2016.  At the sentencing hearing, appellant moved to be excluded from the community notification requirements applicable to Tier III sex offenders under R.C. 2950.11(F)(1).  The trial court held a hearing on appellant's motion, and found that appellant was not entitled to be excluded.  In particular, the court expressed concern that appellant committed a separate, unrelated sexual offense to which he pleaded guilty in case No. CR0201502384.  In addition, the court expressed concern that the victim was only 12 years old, which the court found was extremely youthful.  Finally, the court noted the father-daughter relationship between appellant and the victim.

2.

**{¶ 4}** Thereafter, the trial court found that appellant was a Tier III sex offender subject to community notification. The court further sentenced appellant to four years in prison.

## II. Assignment of Error

**{¶ 5}** Appellant has timely appealed his conviction, and now asserts one assignment of error for our review:

> I. The trial court erred in ordering that appellant be subject to community notification requirements pursuant to R.C. 2950.11(F).

## III. Analysis

**{¶ 6}** We begin our analysis by noting that the parties do not dispute that appellant is required by statute to be designated a Tier III sexual offender. Further, the parties do not dispute that as a Tier III offender, appellant is subject to the community notification provisions detailed in R.C. 2950.11(A), unless the exception in R.C. 2950.11(F)(2) applies. Thus, the sole issue on appeal is whether the trial court abused its discretion in determining that appellant did not meet the exception in R.C. 2950.11(F)(2). *See State v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, 925 N.E.2d 133, ¶ 12 ("The revisions to R.C. 2950.11(F) made through Senate Bill 10 specifically refer to and incorporate the former community-notification provisions. By so doing, the legislature expressed its will to continue the policy of providing discretion to the sentencing judge in these circumstances, albeit with additional guidance in the form of the factors now contained at R.C. 2950.11(F)(2)(a) through (k)."). An abuse of discretion connotes that the trial

3.

court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} R.C. 2950.11(F)(2) provides:

The notification provisions of this section do not apply to a person described in division (F)(1)(a), (b), or (c) of this section if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to January 1, 2008. In making the determination of whether a person would have been subject to the notification provisions under prior law as described in this division, the court shall consider the following factors:

(a) The offender's or delinquent child's age;

(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

4.

(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender or delinquent child;

(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(j) Whether the offender or delinquent child would have been a habitual sex offender or a habitual child victim offender under the

definitions of those terms set forth in section 2950.01 of the Revised Code

as that section existed prior to January 1, 2008;

(k) Any additional behavioral characteristics that contribute to the

offender's or delinquent child's conduct.

{¶ 8} Here, appellant argues that the factors support finding that he is excluded from the community notification provision. Appellant cites the fact that he was 36 years old at the time of sentencing, and the victim was 12 years old at the time of the offense. He also notes that he has a limited criminal history, consisting only of 12 misdemeanors, no prior sexual offenses, and no offenses as a juvenile. In addition, the instant case involved only one victim, no drugs or alcohol were used in the commission of the offense, and there is no evidence that he demonstrated a pattern of abuse, displayed cruelty, or made any threats of cruelty. Finally, appellant notes that while he has not been diagnosed with a mental illness, he does suffer from cognitive limitations.

{¶ 9} Appellant contends that the trial court ignored these factors, and instead made its decision based upon something outside of R.C. 2950.11(F)(2). Specifically, appellant points to the court's statement:

I cannot ignore the relationship between the defendant and the

victim. Father and daughter, not a specific factor under 2950.11, so I'm

creating an appellate issue, but I cannot think more that (sic) evidence and

this consideration.

6.

Not to be too blunt, but if a person can do this to their own blood, that, I believe, is a person who the community should be notified about so they can make the appropriate -- take the appropriate precautions.

{¶ 10} However, contrary to appellant's argument, the trial court did not base its decision solely on the father-daughter relationship. Rather, the court expressly stated that it considered the factors, the arguments of counsel, the presentence report, and other evidence. As a particular area of concern, the trial court noted the young age of the child. Appellant asserts that the fact that the victim was 12 years old makes being subject to community notification less appropriate, but we cannot say that in reaching the opposite conclusion that the trial court abused its discretion. In addition to the age of the victim, the trial court indicated concern regarding the other sexual offense to which appellant pleaded guilty. Notably, the other sexual offense occurred prior to the present offense, and we do not find that the court abused its discretion in considering it. Finally, as to the concern regarding the father-daughter relationship, we find that the trial court did not err in considering it as the circumstances of their relationship falls within the nature of appellant's sexual conduct with the victim. Therefore, we hold that the trial court did not abuse its discretion in finding that the exception in R.C. 2950.11(F)(2) did not apply to appellant.

{¶ 11} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Stephen A. Yarbrough, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE