[Cite as *State v. Bella*, 2022-Ohio-2884.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210581 |
| | | TRIAL NO. B-1903457 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| NICHOLAS BELLA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Reversed in Part, and Case Remanded

Date of Judgment Entry on Appeal: August 19, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John D. Hill, Jr.,* for Defendant-Appellant.

**Bоск, Judge.**

{¶1}   Defendant-appellant Nicholas Bella appeals the trial court's imposition of the community-notification requirement under R.C. 2950.11 and the court's failure to merge his two convictions of sexual battery for purposes of sentencing. We affirm the court's imposition of the community-notification requirement, reverse the trial court's decision not to merge the two convictions of sexual battery for purposes of sentencing, and we remand this matter to the trial court.

## I.     Facts and Procedure

{¶2}   In June 2019, Bella was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(c), one count of sexual battery in violation of R.C. 2907.03(A)(2), one count of sexual battery in violation of R.C. 2907.03(A)(3), one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), and two counts of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1).

{¶3}   Bella had been riding around in a vehicle with four teenagers, including a 15-year-old girl, M.G. Bella had made advances toward M.G. earlier that evening, but she rejected him. M.G. and her boyfriend eventually passed out from the effects of alcohol and Xanax and were asleep in the rear bay of the SUV. While a codefendant was recording, Bella climbed into the rear bay of the SUV, stripped naked, pulled down M.G.'s pants and underwear, and began to masturbate over her. Bella looked directly into the camera as he was committing this act, "gave a hand signal," and then the video had cut off before Bella vaginally penetrated M.G. Bella raped M.G. for approximately 20 to 25 minutes after the video stopped.

{¶4}   Bella pled guilty to counts two and three, sexual battery, and to count six, illegal use of a minor or impaired person in nudity-oriented performance or material. The state and Bella agreed to a sentence of seven years in prison: 60 months for counts two and three, to be served concurrently, and 24 months for count six, to be served consecutively to the sentences on counts two and three. The remaining counts were dismissed. Bella asked the trial court to defer sentencing so that he could be evaluated by the Hamilton County Court Clinic as to whether imposing sex-offender community-notification requirements, in addition to the Tier III sex-offender/child-victim-offender registrations and reporting requirements, would be appropriate.

## Court Clinic Presentence Evaluation

{¶5}   Dr. Emily Davis with the Hamilton County Court Clinic classified Bella as a "high" risk for recidivism. Bella made no statements regarding these offenses.

{¶6}   In the "substance abuse" section of the report, Dr. Davis checked alcohol as "questionable," noting that Bella had stated that he was "sorrowful" about his drinking because it caused him to "make inappropriate decisions" and led to his sexually-oriented-offense convictions. Bella had completed substance-abuse treatment, aftercare treatment, and the residential phases at River City Correctional Institution for a previous conviction.

## Sentencing

{¶7}   The court advised Bella about the constitutional rights that he was relinquishing by pleading guilty, as well as the potential registration requirements if he were classified as a Tier III sex-offender/child-victim-offender. Bella moved to merge the two counts of sexual battery for the purposes of sentencing, arguing that the offenses arose from the same act. The court denied Bella's motion.

3

{¶8} Bella also attempted to rebut R.C. 2950.11(A)'s presumption that he would be subject to community notification, raising (1) his youth (19-years-old); (2) despite his "extensive juvenile history," this was his first sexually-oriented offense; (3) the 15-year-old victim was not "child minor," (4) a factual dispute existed involving whether Bella gave M.G. drugs, (5) he had no mental illness, pattern of abuse, cruelty or threats, or habitual commission of sexual offenses, and (6) this was an "isolated incident" in which Bella was "under the influence of alcohol and substantially under the influence of drugs." *See* R.C. 2950.11(F)(2).

{¶9} The court imposed the agreed sentence for an aggregate of seven years in prison with a credit of 871 days for time served. The trial court imposed a Tier III sex-offender/child-victim-offender classification and found that R.C. 2950.11's community-notification requirement was appropriate based on Bella's prior record, the presentence investigation, and arguments by counsel. The court remitted costs and fines, and noted that, because it was an agreed sentence, the court was not required to make consecutive-sentencing findings under R.C. 2929.14(C)(4).

## II. Law and Analysis

### A. Community-Notification Requirement—R.C. 2950.11

{¶10} In Bella's first assignment of error, he argues that the trial court abused its discretion by imposing R.C. 2950.11's community-notification requirements after "find[ing] against all evidence" that Bella was subject to the requirement.[1] Bella contends that the trial court erred by imposing the requirement after only citing to Bella's "prior record, the presentence investigation, and the arguments of counsel," and offered no further explanation.

---

[1] Bella does not dispute his Tier III sex-offender classification or registration requirement.

{¶11} R.C. 2950.11(A) subjects Tier III sex offenders to community-notification requirements, in addition to their registration requirements. The statute requires the sheriff in the county where the offender resides to provide written notice to a myriad of people, such as neighbors, public children services agencies, school superintendents and principals, preschool and daycare administrators, higher-education administrators, the county sheriff, police, and volunteer organizations serving children or vulnerable individuals. R.C. 2950.11(A)(1)-(10). The notice must contain the offender's name, home address, school address, employment address, the offense of which the offender was convicted, a statement identifying what subjected the offender to the notification requirements, and a photograph. R.C. 2950.11(B).

{¶12} Notification provisions do not apply to offenders if the trial court finds at a hearing that the offender would not have been subject to notification provisions in the statue that existed immediately before January 1, 2008. R.C. 2950(F)(2). To make that determination, trial courts should consider:

(a) The offender's age;

(b) The offender's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The victim's age;

(d) Whether the sexually oriented offense involved multiple victims;

(e) Whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting;

(f) If the offender had a previous criminal or juvenile delinquency record, whether the offender completed the sentence or dispositional order imposed for the prior offense and, if the prior offense was a sex

offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender;

(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender, during the commission of the sexually oriented offense, displayed cruelty or made one or more threats of cruelty;

(j) Whether the offender would have been a habitual sex offender or a habitual child victim offender under the definitions of those terms in R.C. 2950.01 as that section existed before January 1, 2008;

(k) Any additional behavioral characteristics that contribute to the offender's conduct.

R.C. 2950.11(F)(2)(a)-(k).

{¶13} Bella does not dispute his Tier III sex-offender classification or his registration requirement. And the parties do not dispute that Bella is subject to R.C. 2950.11(A)'s community-notification provisions unless, after a hearing and considering the R.C. 2950.11(F)(2)(a)-(k) factors, the trial court the trial court determines that the defendant should excepted from the notification requirements. "Thus, the sole issue on appeal is whether the trial court abused its discretion in determining that appellant did not meet the exception in R.C. 2950.11(F)(2)." *State v. Starks*, 2017-Ohio-40, 80 N.E.3d 1087, ¶ 6 (6th Dist.).

**{¶14}** The trial court did not err by imposing R.C. 2950.11's notification requirement on Bella. Bella argues his youth (19 years old at the time of the offense) should be a mitigating factor. But he was an adult when he committed these acts. And despite these being Bella's first sexually-oriented offenses, he has an "excessive" juvenile record dating back to 2016 that reflects the commission of serious acts, as well as an adult record. *See* R.C. 2950.11(F)(2)(b).

**{¶15}** M.G. was only 15 years old when Bella raped her. *See* R.C. 2950.11(F)(2)(c). Though Bella asserts that it is disputed whether he used alcohol and Xanax to impair M.G., he chose not to try those allegations. *See* R.C. 2950.11(F)(2)(e). Bella raped M.G. while she was unconscious from consuming alcohol and Xanax. Bella knew that she was unaware of what was happening and could not protest.

**{¶16}** Bella has a history of failing to successfully complete dispositional orders from his juvenile adjudications and sentences from adult convictions. *See* R.C. 2950.11(F)(2)(f). And the trial court had discretion to consider "any additional behavioral characteristics that contribute[d]" to Bella's conduct. R.C. 2950.11(F)(2)(k). The state informed the trial court that the officers reported that Bella "had been a problem for the community for quite some time."

**{¶17}** The statute gives the trial court discretion to determine whether a Tier III sex offender is subject to the community-notification requirement. *State v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, 925 N.E.2d 133, ¶ 5. The trial court expressly stated that it was basing its decision to subject Bella to this requirement based on Bella's prior record, the presentence investigation, and the arguments that were made before the court. *See Starks,* 2017-Ohio-40, 80 N.E.3d 1087, at ¶ 6-10. The

trial court did not abuse its discretion in imposing the requirement. This assignment of error is overruled.

### B.    Merger of Offenses

{¶18}  The defendant bears the burden of demonstrating that he is entitled to merger at sentencing. *State v. Pippin*, 2017-Ohio-6970, 94 N.E.3d 1186, ¶ 48 (1st Dist.), quoting *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18. We review the trial court's merger determination de novo. *See State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶19}  The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. This protection is also guaranteed by the Ohio Constitution, Article I, Section 1. The Double Jeopardy Clause protects against "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

{¶20}  To determine whether a defendant's conduct supports multiple offenses, courts should consider: (1) whether the offenses were dissimilar in import or significance, (2) whether the offenses were committed separately, and (3) whether the offenses were committed with separate animus and motivation. *Ruff* at ¶ 31.

{¶21}  Bella was convicted of two counts of sexual battery in violation of R.C. 2907.03(A)(2) and (3), both based on his raping M.G. while she was unconscious. Bella's second assignment of error argues that the trial court erred by not merging the sexual-battery convictions for purposes of sentencing.

{¶22}  R.C. 2907.03(A)(2) provides that no person "shall engage in sexual

conduct with another" who is not the spouse of the offender when the offender knows that the other person's "ability to appraise the nature of or control the other person's own conduct is substantially impaired." R.C. 2907.03(A)(3) provides that no person "shall engage in sexual conduct with another" who is not the spouse of the offender when the offender knows that the other person "submits because the other person is unaware that the act is being committed."

**{¶23}** Bella contends, and the state concedes, that the two charges of sexual battery are allied offenses of similar import. We agree and sustain this assignment of error. We remand the matter to the trial court to merge the sexual-battery counts and resentence Bella on one of those counts.

### III.  Conclusion

**{¶24}** The trial court properly considered the factors as set forth in R.C. 2950.11(F)(2)(a)-(k). Therefore, it did not err by imposing the community-notification requirement on Bella. But the trial court improperly sentenced Bella for two counts that were allied offenses. Therefore, the sentences must be reversed.  We remand this case for the state to elect which sexual-battery conviction that the trial court is to sentence Bella on, and for further proceedings consistent with this court's opinion. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, sentences reversed in part, and case remanded.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.