[Cite as *State v. Morrin*, 2014-Ohio-5594.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals Nos. L-13-1200

       Appellee

                                         Trial Court Nos. CR0201202727

v.

Michael Morrin                                            **DECISION AND JUDGMENT**

       Appellant                                      Decided:  December 19, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Joseph J. Urenovitch, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Michael Morrin, appeals from the Lucas County Common Pleas Court judgment imposing consecutive sentences and finding community notification appropriate.  For the reasons set forth below, we affirm the judgment of the trial court.

**{¶ 2}** Appellant sets forth the following assignments of error:

Assignment of Error No. 1: The trial court failed to make the necessary findings under R.C. 2929.14(C)(4) for imposition of consecutive sentences.

Assignment of Error No. 2: It was an abuse of the trial court's discretion when it found community notification under R.C. 2950.11(F)(2) appropriate.

**{¶ 3}** On October 18, 2012, appellant was indicted on three counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (B), and three counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4) and (C).  Appellant pled not guilty to these charges.

**{¶ 4}** On August 14, 2013, appellant was charged by information with two additional charges: one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2) and (B), and one count of attempted rape, a felony of the second degree, in violation of R.C. 2923.02 and R.C. 2907.02(A)(2) and (B).  On August 15, 2013, appellant entered pleas to these two counts pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**{¶ 5}** On August 29, 2013, a sentencing hearing was held.  Appellant was classified as a Tier III sexual offender, required to register as a sex offender for life.  The court held a community notification hearing after which the court found appellant will be subject to community notification.  Appellant was then sentenced to nine years in prison

2.

on the rape charge and seven years in prison on the attempted rape charge. The sentences were ordered to be served consecutively. At the state's request, a nolle prosequi was entered as to counts one through six of the indictment. Appellant appealed.

{¶ 6} The standard of appellate review of felony sentences is set forth in R.C. 2953.08. This court outlined that standard of review in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425:

> R.C. 2953.08(G)(2) establishes that an appellate court may increase, reduce, modify, or vacate and remand a dispute[d] sentence if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13(B) or (D), division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law. *Id.* at ¶ 11, quoting R.C. 2953.08(G)(2).

{¶ 7} Here, appellant contends the trial court failed to make all of the findings required under R.C. 2929.14(C). Appellant submits the first two findings were made, but the trial court failed to make any finding as to subsections (a), (b) or (c).

{¶ 8} The state counters the trial court made the required findings under R.C. 2929.14(C)(4) in the sentencing entry as well as at the sentencing hearing.

3.

**{¶ 9}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 10}** The Supreme Court of Ohio recently held in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

**{¶ 11}** Here, a review of the record, including the transcript of the sentencing hearing, shows the trial court found "a consecutive sentence is necessary to protect the public from future crime or to punish the Defendant." This is the first required finding under R.C. 2929.14(C)(4).

**{¶ 12}** The second statutory requirement under R.C. 2929.14(C)(4) was made by the trial court when the court found that a consecutive sentence is "not disproportionate to the seriousness of the Defendant's conduct or the danger the Defendant poses."

**{¶ 13}** Next, the trial court determined, in accordance with R.C. 2929.14(C)(4)(b), "that the harm caused was so great or unusual that no single prison term for any of these offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

**{¶ 14}** We conclude the trial court made the statutory findings required under R.C. 2929.14(C)(4) at the sentencing hearing to impose consecutive sentences. We further conclude the evidence in the record supports the trial court's findings under R.C.

5.

2929.14(C)(4) and imposition of consecutive sentences for the two felonies. Therefore, appellant's first assignment of error is not well-taken.

{¶ 15} In his second assignment of error, appellant argues the trial court abused its discretion by imposing community notification.

{¶ 16} An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 17} A Tier III sexual offender is required to register with the local sheriff every 90 days for life, and community notification requires the sheriff to notify certain individuals in the community with the sex offender's personal information. R.C. 2950.06(B)(3); R.C. 2950.11.

{¶ 18} R.C. 2950.11(F)(2) states:

> The notification provisions of this section do not apply to a person described in division (F)(1)(a), (b), or (c) of this section if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to January 1, 2008. In making the determination of whether a person would have been subject to the notification provisions under prior law as described in this division, the court shall consider the following factors:

6.

(a) The offender's or delinquent child's age;

(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender or delinquent child;

(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(j) Whether the offender or delinquent child would have been a habitual sex offender or a habitual child victim offender under the definitions of those terms set forth in section 2950.01 of the Revised Code as that section existed prior to January 1, 2008;

(k) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.

{¶ 19} Here, the trial court held a community notification hearing prior to sentencing. At the hearing, the prosecutor presented information relative to each of the factors in R.C. 2950.11(F)(2)(a)-(k), which included the following. During the time period set forth in the indictment, appellant was between the ages of 16 to 19 and the victim was 5 to 8 years of age. Appellant had no prior criminal record, and therefore had

8.

no prior sexual offenses, nor would he have been a habitual sex offender under the definitions set forth in R.C. 2950.01 that existed prior to the effective date of this amendment. Appellant had one victim and there was no evidence that appellant used drugs or alcohol to impair the victim or to prevent the victim from resisting. Appellant did not have any mental illness or mental disability, although a doctor did find any mental disorder was probably the result of appellant's substance abuse. The sexual contact between appellant and the victim included appellant touching the victim's breasts with his hands, digital penetration, fellatio and cunnilingus. Appellant is the victim's uncle and the incidents occurred when the victim was visiting at her grandparents' home, where appellant lived. In addition, appellant's brother, the victim's other uncle, also had sexual contact with the victim. Appellant and his brother told the victim not to tell anyone about the incidents or something bad would happen to them, which made the victim feel that she would be held responsible if she told or if something bad happened to them. As the victim's uncles, appellant and his brother were authority-type figures.

{¶ 20} Following this presentation, the prosecutor recommended community notification. Defense counsel did not offer any information or evidence or oppose community notification. The record shows the trial court then weighed the factors set forth in R.C. 2950.11(F)(2), including that appellant was in a position of trust, and determined appellant will be subject to community notification.

{¶ 21} Based upon the foregoing, we find the court's decision was not unreasonable, arbitrary or unconscionable. Accordingly, the trial court did not abuse its

9.

discretion in ordering appellant be subject to community notification. Appellant's second assignment of error is therefore not well-taken.

{¶ 22} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.    _____
               JUDGE
Arlene Singer, J.

James D. Jensen, J.     _____
CONCUR.             JUDGE

             _____
             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.