[Cite as *State v. Wright*, 2023-Ohio-2134.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

       Plaintiff-Appellant,            :            No. 22AP-275
                                                             (C.P.C. No. 19CR-5886)
v.                                              :
                                                          (REGULAR CALENDAR)
Brooke M. Wright,                               :

       Defendant-Appellee.             :

---

D E C I S I O N

Rendered on June 27, 2023

---

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Seth L. Gilbert*, for appellant. **Argued:** *Seth L. Gilbert*.

**On brief:** *The Tyack Law Firm Co., LPA, Jonathan T. Tyack*, and *Holly B. Cline*, for appellee. **Argued:** *Jonathan T. Tyack*.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} The State of Ohio, plaintiff-appellant, appeals from the decision of the Franklin County Court of Common Pleas granting defendant-appellee, Brooke M. Wright's, motion for exemption from community notification requirements. We reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 13, 2019, Wright was indicted on 2 counts of sexual battery, in violation of R.C. 2907.03, felonies of the third degree; and 2 counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, felonies of the third degree. The indictment specified the victim was 13 years of age or older but less than 16 years of age at

the time of the offense, and Wright was a teacher, administrator, or other person of authority at a school in which the victim was enrolled.

{¶ 3}   On September 16, 2020, Wright pled guilty to two counts of sexual battery in violation of R.C. 2907.03, felonies of the third degree.  The court informed Wright at the plea hearing that, as a result of her guilty pleas, she would be registered as a Tier III sex offender which required in person registration and notification to the community.  The court accepted Wright's guilty pleas and entered a nolle prosequi to the other two charges.

{¶ 4}   On February 4, 2021, Wright was sentenced to a concurrent prison term of four years in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").  At the time of sentencing, Wright was advised she would be classified as a Tier III sex offender with community notification requirements under R.C. 2950.11. Wright executed an Explanation of Duties to Register as a Sex Offender form.

{¶ 5}   On February 5, 2021, the court issued the judgment entry sentencing Wright to a concurrent four-year term of imprisonment on both counts of sexual battery. The sentencing entry stated the court had informed Wright she would be a sexual offender and classified, pursuant to S.B. No. 10 ("S.B. 10"), as a Tier III "with registration duties to last a lifetime; in person verification is required every ninety (90) days and community notification will be sent." (Feb. 5, 2021 Jgmt. Entry at 1.)  Wright did not challenge the sentence.

{¶ 6}   On October 4, 2021, Wright filed a motion for judicial release pursuant to R.C. 2929.20. On February 17, 2022, the court held a hearing on the motion for judicial release and informed the parties the motion would be granted. At the judicial release hearing, Wright was again advised of her duties to register as a Tier III sex offender. Wright's counsel asked the court to issue an order exempting her from community notification pursuant to R.C. 2950.11(F)(2). The court set the community notification issue for a separate hearing.

{¶ 7}   Wright was granted judicial release and placed under a term of community control for three years. On February 19, 2022, Wright was released from the custody of ODRC.

{¶ 8}   On March 2, 2022, Wright filed a motion for exemption from community notification pursuant to R.C. 2950.11(F)(2). The state filed a memorandum contra Wright's motion on March 16, 2022, asserting the applicable subsection governing Wright's request for exemption was R.C. 2950.11(H). At the March 24, 2022 hearing on the motion for

exemption, Wright asserted she moved for exemption under R.C. 2950.11(F)(2) at the appropriate time as she sought exemption before she was subject to the community notification requirement. The state argued that, after sentencing, a request for exemption from community notification was governed by R.C. 2950.11(H), not (F)(2).

{¶ 9}   On April 5, 2022, the court issued a decision granting Wright's motion for exemption. The court concluded Wright timely sought exemption from community notification pursuant to R.C. 2950.11(F)(2), as Wright moved for exemption prior to her release from prison and thus prior to her duty to register as a sex offender pursuant to R.C. 2950.07(A)(3). The court further concluded that R.C. 2950.11(H) was not relevant to its decision under R.C. 2950.11(F)(2). After considering the information contained in the pre-sentence investigation report, the court found Wright qualified for exemption from community notification under R.C. 2950.11(F)(2).

{¶ 10} On May 5, 2022, the state filed a motion in this court seeking leave to appeal. On May 31, 2022, Wright filed a memorandum contra the state's motion for leave to appeal (filed May 5, 2022) and motion to dismiss.

{¶ 11} On September 1, 2022, this court granted the state's motion for leave to appeal finding the state has demonstrated a probability that its first claimed error occurred. Further, this court dismissed Wright's motion to dismiss and found that this appeal shall proceed as an appeal as of right. *State v. Wright*, 10th Dist. No. 22AP-275, 2022-Ohio-3068.

{¶ 12} It is from the trial court's decision granting Wright's motion for exemption from community notification that the state appeals. We agree with the state.

## II.  ASSIGNMENT OF ERROR

{¶ 13} Appellant assigns the following sole assignment of error for our review:

> The trial court erred in granting Wright's "Motion for Exemption from Community Notification Requirement," as Wright did not seek relief from community notification at or before sentencing as required by R.C. 2950.11(F)(2), and the 20-year period had not expired as required by R.C. 2950.11(H)(2).

## III.  STANDARD OF REVIEW

{¶ 14} Before we begin our analysis, we note that the record shows Wright did not object to the trial court's imposition of the requirement for community notification at sentencing.  When a defendant fails to object at sentencing to the imposition of a punitive

community notification provision, the defendant "waived all but plain error." *State v. Twyford*, 94 Ohio St.3d 340, 360 (2002); *see State v. Madison*, 10th Dist. No. 06AP-1126, 2007-Ohio-3547, ¶ 31 (where the appellant did not object to lack of notice of a hearing any error is waived unless the plain-error doctrine is invoked).

{¶ 15} However, the plain-error doctrine has not been properly invoked, "and we will not sua sponte undertake a plain-error analysis" on a party's behalf. *Cable Busters*, *L.L.C. v. Mosley*, 1st Dist. No. C-190364, 2020-Ohio-3442, ¶ 8. Consequently, plain-error review has been forfeited. *U.S. Bank Natl. Assn. v. Kasidonis*, 1st Dist. No. C-190559, 2020-Ohio-6716, ¶ 18.

{¶ 16} An appellate court reviews an assignment of error presenting a question of law on a de novo basis with no deference given to the trial court's determination. *State v. Linnen*, 10th Dist. No. 04AP-1138, 2005-Ohio-6962, ¶ 9. Statutory interpretation is a matter of law, and an appellate court reviews such a matter on a de novo basis. *State v. Ashcraft*, ___ Ohio St.3d ___, 2022-Ohio-4611, ¶ 7. The primary goal of statutory interpretation is to determine and uphold "the General Assembly's intent in enacting the statute." *Knollman-Wade Holdings*, *L.L.C. v. Platinum Ridge Properties*, *L.L.C.*, 10th Dist. No. 14AP-595, 2015-Ohio-1619, ¶ 14. "In determining legislative intent, we must first look to the plain language of the statute." *Id*.

{¶ 17} As a general rule, the words and phrases of a statute will be read in context and construed according to the rules of grammar and common usage. R.C. 1.42. *See In re Acubens*, *L.L.C.*, 10th Dist. No. 17AP-870, 2018-Ohio-2607, ¶ 14, citing *State ex rel. Rose v. Lorain Cty. Bd. of Elections*, 90 Ohio St.3d 229, 231 (2000). Where the language of a statute is plain and conveys a clear and definite meaning, there is no need for statutory interpretation. *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13. "If the [statute] is clear and unambiguous, as it is in this case, we must apply it as written." *Ashcraft* at ¶ 7.

## IV. LEGAL ANALYSIS

{¶ 18} Ohio's law governing the classification and registration of sex offenders is codified at R.C. Chapter 2950 and dates back to 1963. On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act ("AWA") to protect the public from sex offenders by establishing a comprehensive national system for the registration of sex offenders. Pub.L. No. 109-248, 120 Stat. 587 (July 27, 2006). Ohio amended its classification

and registration scheme to conform to the new federal requirements through the passage of S.B. 10, which became effective January 1, 2008. 2007 Am.Sub.S.B. No. 10.

{¶ 19} Under S.B. 10, sex offenders are classified as Tier I, II, or III offenders based solely on the offense committed. Each tier classification carries specific sex offender registration and notification ("SORN") duties set forth by statute.

{¶ 20} At sentencing, the trial court has zero discretion regarding the tier classification, and merely informs the sex offender which classification and duties attach to his or her conviction. R.C. 2950.03(A)(2). The particular classification, duty to register, and community notification requirements after a conviction for a sex-oriented offense arise "as a matter of law, not by judicial determination." *State v. Crawford*, 10th Dist. No. 08AP-1055, 2009-Ohio-4649, ¶ 16.

{¶ 21} A Tier III sex offender is subject to several lifetime requirements and duties as default sanctions. *In re R.M.*, 1st Dist. No. C-120166, 2014-Ohio-1200, ¶ 27. The sex offender must: (1) register in person and verify his or her address every 90 days; (2) abide by the residency requirements; and (3) submit to community notification by the appropriate sheriff, all of which are punitive sanctions. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.

{¶ 22} For a Tier III sex offender, the corresponding duties are mandatory except for community notification. The only issue that a court can consider at sentencing for a Tier III offender is community notification. The presumption is that notification applies. *State v. Bella*, 1st Dist. No. C-210581, 2022-Ohio-2884.

{¶ 23} Tier III sex offender classification is mandatory under R.C. 2950.01(G) for those convicted of certain sexually oriented offenses. By pleading guilty to a violation of R.C. 2907.03, Wright "is automatically classified as a [Tier III] sexually oriented offender and must comply with the registration requirements of R.C. 2950.04." *Crawford* at ¶ 16. Requiring a conviction under R.C. 2907.03 to serve as the predicate to be classified as a Tier III sex offender "is no different than a mandatory prison sentence, mandatory fine, or any other mandatory punishments that the General Assembly deems necessary." *State v. Ritchey*, 3d Dist. No. 1-15-80, 2016-Ohio-2878, ¶ 28.

{¶ 24} Sentence is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(EE). A sanction is imposed by the sentencing entry. *State v. Halsey*, 12th Dist. No.

CA2016-01-001, 2016-Ohio-7990, ¶ 26.  "[A]ll sex offender tier classifications under the AWA are part of the sanction and must be included in the sentencing entry." *State v. Sipple*, 1st Dist. No. C-190462, 2021-Ohio-1319, ¶ 32.  A sex offender must be aware at sentencing that they are either subject to community notification or that they are exempt.  There are no "to be determined" sanctions permitted under the Ohio SORN law.

{¶ 25} This court has held that the sex offender classification and its associated registration and notification requirements are part of the penalty for the sex offense conviction, and Crim.R. 11(C)(2) requires the trial court ensure the sex offender understands the requirements before it can accept a guilty plea.  *State v. Wallace*, 10th Dist. No. 17AP-818, 2019-Ohio-1005, ¶ 18; *see State v. Henson*, 12th Dist. No. CA2013-12-221, 2014-Ohio-3994, ¶ 13 (Internal quotations and citation omitted.) (notification requirements set forth in R.C. Chapter 2950 are part of the penalty imposed upon a defendant, and that Crim.R. 11 obligates a trial court to advise a defendant of the basic requirements under R.C. Chapter 2950 before accepting a guilty plea).  Because the trial court judge maintains some discretion over this area, it must be addressed at sentencing, so the sex offender is aware of their sentence.

{¶ 26} Pursuant to Crim.R. 11(C)(2)(a), a trial court must inform a defendant of the penalty for the crime.  *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 6.  When sentencing a Tier III sex offender, "a trial court need only advise that a defendant will be subject to the registration requirements of the statutory scheme to comply with the Crim.R. 11(C)(2)(a) maximum penalty advisement requirement." *State v. Obhof*, 11th Dist. No. 2021-A-0021, 2023-Ohio-408, ¶ 28.  When the tier classification is placed in a sentencing entry, the court is, in effect, "includ[ing] in the sentence a summary of the offender's duties." R.C. 2929.23.

{¶ 27} R.C. 2929.19(B)(3)(a) requires that the "court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child-victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code" if the sex offense occurred after January 1, 1997 and offense mandates classification as a Tier III sexual offender.  *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688 (7th Dist.).  R.C. 2950.03 requires the sex offender be notified of the classification and consequent duties at the sentencing hearing.

{¶ 28} It is clear that "a court speaks through its journal." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. Therefore, "for a sanction to commence, it must first be imposed by the sentencing court." *Halsey* at ¶ 26. Pursuant to R.C. 2950.07(A)(3), "sex offender registration duties commence upon entry of the judgment of conviction." *Id.* at ¶ 25.

{¶ 29} Wright's classification as a Tier III sex offender and the community notification and registration orders attending that classification are set upon the filing of the judgment entry on February 5, 2021. The entry reads:

> **In addition, at the time of the plea the Court notified the Defendant that by entering into this plea the Defendant will be a sexual offender and classified pursuant to S.B. 10 as a Tier III with registration duties to last a lifetime; in person verification is required every ninety (90) days and community notification will be sent.**

(Emphasis sic.) (Feb. 5, 2021 Jgmt. Entry at 1.) Once the entry requiring community notification is filed, Wright is subject to community notification.

{¶ 30} R.C. 2950.03(A)(2) requires the trial court judge to provide an explanation of duties to the offender "at the time of sentencing." The notice, known as the Explanation of Duties to Register as a Sex Offender, details all of the duties related to the Tier III classification. R.C. 2950.03(B)(1)(a). After the form is properly executed, the sentencing judge distributes a copy of the form to the Ohio Attorney General ("OAG"), the sheriff of the county of conviction, and other agencies as required. R.C. 2950.03(B)(3)(a).

{¶ 31} It is undisputed that the trial court complied with R.C. 2950.03(B) and Wright executed a form entitled Explanation of Duties to Register as a Sex Offender outlining her requirements, including community notification. A copy of the form was provided to the Franklin County Sheriff because Wright had a duty to register pursuant to R.C. 2950.04(A)(1)(a). *State v. Black*, 10th Dist. No. 19AP-637, 2021-Ohio-676. Wright acknowledged receiving, understanding, and signing the form at sentencing, and the trial court judge certified that Wright was informed of her duties.

{¶ 32} The form reflects that Wright is a Tier III sex offender and explains her registration requirements in great detail. Of significance to this matter, the box indicating that Wright is not subject to community notification is not checked, which means she is subject to community notification. Quite simply, at sentencing, Wright's duties included lifetime community notification.

{¶ 33} At the time she pled guilty, Wright engaged in the following colloquy with the court:

> THE COURT: Also, by pleading guilty to this offense, you'll be registered as a Tier III sex offender. That requires in-person registration in the county in which you reside every 90 days for the remainder of your life. It also requires that you notify the community at the residence where you live and that you cannot occupy a residence within 1,000 feet of a school, preschool or childcare center. Do you understand that?
>
> [MS. WRIGHT]: Yes.

(Sept. 16, 2020 Plea Hearing Tr. at 6.)

{¶ 34} It is noteworthy that Wright's counsel first inquired whether the community notification requirement is mandatory at the end of the plea hearing:

> THE COURT: Okay. Anything else on behalf of the State?
>
> [THE STATE]: No, thank you, your honor.
>
> [DEFENSE COUNSEL]: No, thank you, Your Honor. The only other thing I would just note for the record, I told [the prosecuting attorney] this, I've got to do a little more research. The plea form seems to indicate that community notification is mandatory. My understanding is you may have some discretion. You don't have discretion to - -
>
> THE COURT: There's a process to go through which I'm not versed in. It doesn't come up a whole lot, but I have - -
>
> [DEFENSE COUNSEL]: Yeah, she's definitely going to be a Tier III sex offender and everything in the plea form is accurate. It's just with community notification there is a process where you can rule that community notification is not appropriate.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: Whether those arguments apply to this case or not, I don't know yet, but I just want the record to be clear that might be something we have to discuss at sentencing.

(Sept. 16, 2020 Plea Hearing Tr. at 13.)

{¶ 35} At sentencing, the trial court engaged Wright in the following discussion regarding her Tier III sex offender duties:

THE COURT: Thank you. Ms. Wright, I have in front of me a form titled Notice of - - or Explanation of Duties to Register as a Sex Offender. It appears to be signed by you at the bottom. Did you sign this form?

[MS. WRIGHT]: Yes, sir.

THE COURT: Did you discuss it with your attorney prior to today before you signed it?

[MS. WRIGHT]: Yes. Sir.

THE COURT: Did he explain all the explanations of your - - of your obligations and your duties as a Tier III offender?

[MS. WRIGHT]: Yes, sir.

THE COURT: What this means is that you'll have to register your address at the place where you reside in the county where you reside. I believe it's every 90 days for the rest of your life. You'll also be subject to community notification requirements. If you fail to register, you could be subject to an additional criminal offense for not registering. Do you understand that?

[MS. WRIGHT]: Yes.

THE COURT: Do you have any question about those requirements?

[MS. WRIGHT]: No, sir.

THE COURT: I'm going to authorize the form at this time.

(Feb. 4, 2021 Sentencing Tr. at 11–12.)

{¶ 36} Based on the record, Wright's counsel made no motion for hearing for the court to determine her requirements of community notification under SORN law. Wright's classification as a Tier III sex offender under the AWA and the corresponding community notification requirement was therefore a lawful part of her sentence. *Williams*, 2011-Ohio-3374, at ¶ 16.

{¶ 37} While community notification is at issue here, registration of sex offenders is the focal point of SORN law. Generally, a sex offender must register their address and other information with the local sheriff. Registration is tied to community notification because the

sheriff is responsible for notification to the local community. An offender has no direct involvement in the notification process.

{¶ 38} The OAG is tasked with maintaining a state registry of sex offenders "regarding each person who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense." R.C. 2950.13(A)(1). This registry is not a public document, and is only accessible to law enforcement, the registrar of motor vehicles or a designee, and the director of the Ohio Department of Job and Family Services or a designee. R.C. 2950.08(A). The OAG takes certain information and places it on a sex offender database that is searchable by the public. R.C. 2950.13(A)(11).

{¶ 39} "Registrant" is defined as "an adult offender or delinquent child who has been convicted of, pleaded guilty to, or been adjudicated delinquent for committing a sexually oriented or child-victim oriented offense that is not a registration-exempt offense, and who has a duty to register pursuant to section 2950.04 or 2950.041 of the Revised Code." Ohio Adm.Code 109:5-2-01(A). Wright is a registrant.

{¶ 40} R.C. 2950.04(A)(1)(a) imposes a duty to register on a newly convicted sex offender going directly to prison and taken into the custody of the local sheriff for conveyance. R.C. 2950.04(A)(1)(a) requires the sex offender register with the sheriff of the county in which the offender pled guilty immediately after sentencing but before the offender is transferred to the institution where the offender will be confined. A sex offender's duty to comply with R.C. 2950.04(A)(1)(a) and register "commences immediately after the entry of judgment of conviction." R.C. 2950.07(A)(1).

{¶ 41} R.C. 2950.04(A)(1)(c) provides that "[a] law enforcement officer shall be present at the sentencing hearing * * * described in division (A)(1)(a) or (b) of this section to immediately transport the offender * * * who is the subject of the hearing to the sheriff, or sheriff's designee, of the county in which the offender * * * is convicted, pleads guilty, or is adjudicated a delinquent child." The OAG addressed this process: "If the offender or juvenile is being incarcerated, a law enforcement officer must be present to escort him or her to the sheriff's office for preregistration." OAG's Guide to Ohio's Laws, 2018 Update, 12. This is the sexual offender's initial entry into the SORN system.

{¶ 42} R.C. 2950.04(A)(2) imposes a duty upon a sex offender to register with the sheriff where he or she resides and is the commonly known form of registration. An

incarcerated offender who registered under R.C. 2950.04(A)(1)(a) upon conviction, must then register under R.C. 2950.04(A)(2) upon release from confinement. R.C. 2950.04(A)(1)(d).

{¶ 43} There are only two registration options available at sentencing. If an offender is sentenced to a period of confinement, the offender will be registered after sentencing but before the offender is conveyed by the sheriff to the confinement facility pursuant to R.C. 2950.04(A)(1)(a). If the sex offender is not being sentenced to a period of confinement, the offender must register with the sheriff where they reside pursuant to R.C. 2950.04(A)(2).

{¶ 44} A sex offender's duty to register in the conventional sense is not tolled during the period of incarceration for the underlying sexual offense. An incarcerated offender's registration under R.C. 2950.04(A)(1)(a) must be followed by registration under R.C. 2950.04(A)(2) upon release. R.C. 2950.04(A)(1)(c). R.C. 2950.07(D) tolls the duty to register if an offender is released from their initial prison term, commits another crime or violation, and is sent to prison again. The tolling starts upon an offender's return to prison.

{¶ 45} R.C. 2950.04(A)(1)(a) absolutely applies to an offender who directly reports to prison such as Wright. The goal is for an offender who does not walk out of the courtroom, but instead immediately begins a term of incarceration, whether with ODRC, a county jail, or some other institution, to register into the SORN system.

{¶ 46} Wright was sentenced in court on February 4, 2021. On February 8, 2021, the clerk of court issued a warrant to convey Wright to ODRC for confinement. Wright was not going to be confined at the county jail, but rather held there until the time she was transported to a state institution. Indeed, Wright is eligible for a reduction in her prison term for confinement in the county jail "while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191(A).

{¶ 47} Wright offers a much narrower interpretation of the statute and asserts that because she entered the jail holding cell adjacent to the courtroom without first registering, R.C. 2950.04(A)(1)(a) does not apply, and she is only required to register on release from prison. While the AWA is strict on notification and registration sanctions, it does not contain the same rigidity on incarceration. An offender can receive a prison term, like Wright, serve time in a county jail, or even be placed on community control. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746. However, the statute clearly contemplates registration before

the newly convicted offender is transferred to begin confinement, not before the offender is taken into custody immediately after sentencing by the sheriff for processing. It is quite reasonable for safety reasons for a newly convicted sex offender to register during processing, and not in open court.

{¶ 48} R.C. 2950.04(A)(1)(a) is a statutory mandate to register newly convicted sex offenders as they begin their sentence. Under this section, the sheriff registers the sex offender before conveyance to ODRC or other institution where the offender will be confined for their sentence. It is not registration in the conventional sense where an offender completes their prison term and registers their new address with the local sheriff. Since the offender is not in the community but under the control and supervision of ODRC, the sheriff does not perform community notification procedures as required under R.C. 2950.04(A)(2) registration. This decision will not impact a sheriff's role in R.C. 2950.04(A)(1)(a) registration.

{¶ 49} "Community notification is undeniably the global purpose of sex offender classification." *State v. Johnson*, 8th Dist. No. 106322, 2018-Ohio-5029, ¶ 18. R.C. 2950.11 contains the community-notification provision of Ohio's SORN law. In addition to the registration and reporting requirements imposed on a sex offender, "the community-notification provisions detailed in R.C. 2950.11(A) apply unless the exception in R.C. 2950.11(F)(2) applies." *State v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, ¶ 4.

{¶ 50} Community notification is the release of information about a sex offender by a sheriff to various agencies and the general public and furthers the governmental interests of protecting public safety and public scrutiny of the criminal and mental health systems. *Id.* Community notification makes registration information available to the public to encourage community members to monitor registered sex offenders and take protective precautionary measures.

{¶ 51} A community notification registrant "means an adult offender or delinquent child who has been convicted of, pleaded guilty to, or been adjudicated delinquent for committing a sexually oriented or child-victim oriented offense that is not a registration-exempt offense, and who has a duty to register pursuant to section 2950.04 or 2950.041 of the Revised Code." Ohio Adm.Code 109:5-2-01(A). A " '[p]erson subject to community

notification' means a person listed under division (F)(1) of section 2950.11 of the Revised Code." Ohio Adm.Code 109:5-2-01(B). Wright is a community notification registrant.

{¶ 52} A community notification registrant has no affirmative duties under R.C. 2950.11, and there is no " 'community notification requirements,' to which [Wright] would be bound." *Johnson* at ¶ 17.

{¶ 53} Community notification is a sanction unless exempted by R.C. 2950.11(F)(2). This determination must be made before or at sentencing to comport with constitutional sentencing requirements, so the sex offender is aware of the sentence.

{¶ 54} The AWA provides two avenues for relief from the community notification requirements. Community notification duties apply at conviction unless an offender requests a hearing, and the sentencing court determines the offender is exempt from notification. R.C. 2950.11(F)(2). Once an offender is convicted and sentenced, and therefore subject to registration and community notification, the prosecuting attorney's office that convicted the offender, the sentencing judge or successor, or the offender may make a motion to suspend the community notification requirement, but only after 20 years has passed since the offender's conviction. R.C. 2950.11(H)(2).

{¶ 55} Wright argues that R.C. 2950.11(F)(2) is available after an offender has been sentenced, but the state argues that Wright must first wait 20 years and can only seek relief pursuant to R.C. 2950.11(H)(2). We must turn to the statute.

{¶ 56} The trial court construes a statute "to determine and give effect to the intent of the General Assembly as expressed in the language it enacted." *McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, ¶ 19. The Supreme Court of Ohio applied the rules of statutory interpretation and noted that R.C. 2950.11(F)(2) contained instructive language which referred to the initial imposition of the community notification requirement at sentencing. *McConville* at ¶ 10. The statute "is written in the present tense, referring to a 'hearing' at which a judge 'finds' certain facts." *Id.* R.C. 2950.11(F)(2)(c), (d), and (i) all address the offense "for which sentence is to be imposed or the order of disposition is to be made." *State v. Thomas*, 1st Dist. No. C-150294, 2016-Ohio-501, ¶ 12. While the crux of the matter in *McConville* dealt with whether R.C. 2950.11(F)(2) applied to sex offenders sentenced under pre-AWA law, "the court's interpretation of the statute's applicability provides guidance." *Thomas* at ¶ 9.

{¶ 57} While strikingly similar, the factors a court considers under R.C. 2950.11(H)(1) contains noteworthy distinctions. R.C. 2950.11(K). The present tense language in R.C. 2950.11(F)(2)(c), (d) and (i) referring to the "sentence is to be imposed" is omitted and replaced with past tense language in R.C. 2950.11(K)(2), (3), and (9) referring to the offense committed. In addition, R.C. 2950.11(H)(1) emphasizes that an order suspending community notification does not impact other SORN requirements.

{¶ 58} Our sister court has examined the statute to determine when community notification requirement is initially imposed, and opined that the "*in futuro* language very clearly contemplates a determination of exemption being made at or before sentencing." *Thomas* at ¶ 12. We agree that the "appropriate time for a R.C. 2950.11(F)(2) hearing is at or before the time of sentencing." *Thomas* at ¶ 14.

{¶ 59} We find that the distinctions in the two sections are instructive in holding that R.C. 2950.11(F)(2) only applies prior to or at sentencing, while R.C. 2950.11(H)(2) applies after sentencing. Where a statute referring to one subject contains a critical phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent. *Huntington Natl. Bank v. 199 S. Fifth St. Co., L.L.C.*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707.

{¶ 60} There are no cases involving the application of R.C. 2950.11(F)(2) after an offender has been sentenced. All of the cases deal with R.C. 2950.11(F)(2) at sentencing. This court reviewed an allegation that trial counsel was ineffective for failing to request a separate hearing, pursuant to R.C. 2950.11(F)(2), at sentencing, but found the sex offender did not demonstrate any prejudice from the failure, and overruled the assignment of error because "defendant d[id] not demonstrate a reasonable probability the court would not have imposed the community notification requirements had his counsel requested the hearing under R.C. 2950.11(F)(2)." *State v. Harris*, 10th Dist. No. 09AP-1111, 2010-Ohio-4127, ¶ 14. In *McConville*, the trial court held a separate hearing during sentencing "for further review of the community-notification requirement." *McConville* at ¶ 2. In *Bella*, the defendant pled guilty to sex offenses but asked the trial court to defer sentencing so he could be evaluated as to whether imposing community notification requirements would be appropriate. At sentencing, the defendant was not able to rebut the presumption of community notification in a R.C. 2950.11(F)(2) argument. In *State v. Fisher*, 4th Dist. No. 16CA3553, 2017-Ohio-

7260, a teacher pled guilty to sexual offenses regarding a 16-year-old student aide and was classified a Tier III sex offender and unsuccessfully challenged the community notification disposition at sentencing. The teacher's request to stay the classification, registration and notification requirements pending appeal was denied. *Id*. at ¶ 7.

**{¶ 61}** In *State v. Starks*, 6th Dist. No. L-16-1013, 2017-Ohio-40, the defendant pled guilty to sex offenses and moved unsuccessfully at the sentencing hearing for relief. In *State v. Morrin*, 6th Dist. No. L-13-1200, 2014-Ohio-5594, the defendant pled guilty to sex offenses and the court held a community notification hearing prior to sentencing. The prosecutor presented information relative to each of the factors in R.C. 2950.11(F)(2)(a) through (k), and the defendant did not offer any information or evidence or oppose community notification. The defendant was found to be subject to community notification. In *State v. Wood*, 5th Dist. No. 09-CA-205, 2010-Ohio-2759, the Fifth District determined that because the sex offender at sentencing "failed to request a hearing, he cannot now argue that the trial court erred in failing to suspend the community notification provision." *Id*. at ¶ 39.

**{¶ 62}** We find that R.C. 2950.11(F)(2) is only available to a sex offender up to the sentencing phase, and once convicted, its use is precluded. Therefore, the trial court applied R.C. 2950.11(F)(2) incorrectly.

**{¶ 63}** Wright is precluded by res judicata from raising any challenge to the community notification requirements, which arise by operation of law upon designation of a Tier III sex offender, because she could have raised it on direct appeal. *State v. Reyes*, 11th Dist. No. 2021-P-0014, 2021-Ohio-3478. However, "since it was never appealed, it cannot be corrected now." *State v. Schilling*, 1st Dist. No. C-210363, 2022-Ohio-1773, ¶ 20.

**V. CONCLUSION**

**{¶ 64}** The trial court did not conduct a R.C. 2950.11(F)(2) hearing prior to or at sentencing, and further determined that Wright was subject to community notification. The window for R.C. 2950.11(F)(2) relief is closed for a Tier III sexual offender upon the filing of a judgment entry that does not specify an exemption from community notification. The hearing the trial court conducted after sentencing was not in accord with law.

**{¶ 65}** Based on the foregoing reasons, we sustain the state's sole assignment of error. Having sustained the state's sole assignment of error, we reverse the judgment of the Franklin

County Court of Common Pleas, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

BOGGS, J., concurs.
DORRIAN, J., concurs in judgment only.
_____