[Cite as *State v. Sprouse*, 2023-Ohio-2983.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                              Court of Appeals No.  L-22-1230

       Appellee/Cross-appellant            Trial Court No.  CR0202002013

v.

Cole Sprouse                         **DECISION AND JUDGMENT**

       Appellant/Cross-appellee            Decided:  August 25, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Jessica M. Worley, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Cole Sprouse, appeals the August 30, 2022 judgment of the

Lucas County Court of Common Pleas which, following guilty pleas to three counts of

illegal use of a minor in nudity-oriented material or performance, second-degree felonies,

one count of unlawful sexual conduct with a minor, a fourth-degree felony, two counts of

pandering obscenity involving a minor, fourth-degree felonies, and one fifth-degree felony count of importuning, imposed an aggregate sentence of 15 years and 10 months of imprisonment and 3 years of postrelease control.

{¶ 2} The state cross-appeals, maintaining that the trial court failed to: (1) sentence Sprouse to a mandatory five-year postrelease control term under R.C. 2967.28(B); and (2) include Sprouse's Tier I and Tier II sex offender status in the sentencing entry.

{¶ 3} For the reasons set forth below, the trial court did not err in imposing consecutive sentences or in failing to include Sprouse's Tier I and Tier II sex offender status in the sentencing judgment; however, the trial court did err in failing to impose a five-year postrelease control term. Accordingly, the postrelease portion of Sprouse's sentence is vacated and the matter is remanded for a limited resentencing on the issue of postrelease control pursuant to R.C. 2929.191.

## I. Facts and Procedural History

{¶ 4} On August 26, 2020, a grand jury indicted Sprouse on eight counts of illegal use of a minor in a nudity-oriented material or performance, five counts of pandering obscenity involving a minor, one count of unlawful sexual conduct with a minor, one count of importuning, and one count of interfering with custody. The charges involved multiple victims and encompassed the time frames of April 25, 2017, to April 25, 2018, and February 1-27, 2020

2.

{¶ 5} Following plea negotiations with the state, Sprouse pleaded guilty to three counts of illegal use of a minor in nudity-oriented material or performance, one count of unlawful sexual conduct with a minor, two counts of pandering obscenity involving a minor, and one count of importuning. The state agreed to enter a nolle prosequi as to the remaining counts.

{¶ 6} At the plea hearing held pursuant to Crim.R. 11, the trial court informed Sprouse of the potential penalties including the maximum possible prison term, the five-year mandatory postrelease control term, and Tier I and Tier II sex-offender registration requirements (and that the Tier I reporting requirements would be absorbed into the Tier II requirements.) Sprouse's signed plea form reflected the notifications.

{¶ 7} On August 29, 2022, the trial court sentenced Sprouse to consecutive sentences totaling 15 years and 10 months of imprisonment. The court also imposed a mandatory 18-months to 3 years of postrelease control and notified Sprouse of his Tier I and II sex offender status and the registration requirements. Sprouse also signed an explanation of duties form acknowledging his registration requirements. The form was filed in the record.

{¶ 8} The August 30, 2022 sentencing judgment entry reflected the sentence imposed at the hearing excepting the omission of Sprouse's specific sex offender designations. This appeal and cross-appeal timely followed.

## II. Assignments of Error

{¶ 9} Sprouse asserts the following assignment of error:

> The trial court erred by imposing consecutive sentences for counts for an aggregate sentence of 15 years, ten months, which this court should find is disproportionate to the harm caused in this matter.

{¶ 10} The state's cross-appeal raises two assignments of error:

> I. Appellant is subject to a mandatory term of five years of post-release control.
>
> II. Appellant's sex offender registry designation should be included in the sentencing judgment entry.

## III. Analysis

## A. Proportionality

{¶ 11} Sprouse's sole assignment of error argues that his 15-year, 10-month consecutive sentence is disproportionate to the harm caused in this case. Sentencing challenges are reviewed under R.C. 2953.08(G)(2). The statute permits an appellate court to increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing where the court finds:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)

{¶ 12} Prior to imposing a consecutive sentence, a trial court must consider the factors under R.C. 2929.14(C)(4), which relevantly provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} When imposing consecutive sentences, "[t]he trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, and incorporate those findings into its sentencing entry." *State v. Gregory*, 2023-Ohio-331, 208 N.E.3d 166, ¶ 110 (6th Dist.), citing *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 14} Relying on *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607,[1] Sprouse claims that his aggregate total sentence of nearly 16 years exceeds what is necessary to protect the public and inflict punishment and is therefore disproportionate to the seriousness of his conduct and the danger he poses to the public.

{¶ 15} In *Gwynne*, the Supreme Court of Ohio explained a trial court's obligations when imposing consecutive sentences and the scope of an appellate court's review of the sentence. The court interpreted R.C. 2929.14(C)(4) as requiring the trial court's consideration of the number of consecutive sentences and the aggregate term of the consecutive sentences that will result.

---

[1] An application for reconsideration was filed in *Gwynne* on January 3, 2023, and remains pending at the time of this decision.

{¶ 16} Appellate review begins with a determination of whether the trial court made the required R.C. 2929.14 (C)(4) findings. If not, the sentence if contrary to law and it must be vacated or remanded for resentencing. *Id.* at ¶ 25. If the findings have been made, appellate review of consecutive sentences under R.C. 2953.08(G)(2), requires that the court consider only the R.C. 2929.14(C)(4) findings *actually* made by the trial court, the court then determines whether clear and convincing evidence supports the findings, and finally, whether the findings are supported by the record. An appellate court's review of the record is de novo and assesses the "both the quantity and quality of the evidence." *Id.* at ¶ 23, 29.

{¶ 17} Further, the "'proportionality analysis [required by R.C. 2929.14(C)(4)] "does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate [to the seriousness of the defendant's conduct and to the danger the defendant poses to the public].""" *State v. Johnson*, 6th Dist. Lucas No. L-22-1095, 2023-Ohio-2008, ¶ 35, quoting *State v. Kelly*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 80, quoting *State v. Crim*, 2d Dist. Clark No. 2018-CA-38, 2018-Ohio-4996, ¶ 11.

{¶ 18} Here, the trial court made the necessary R.C. 2929.14(C)(4) findings. Imposing consecutive sentences the trial court stated:

7.

The Court finds these sentences are to be served consecutively to one another, this being necessary to fulfill the purposes of Revised Code 2929.11, 2929.14(E), and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses.

The court further finds to protect the public from future crime or to punish the offender that the harm caused was great and unusual, that no single prison term is adequate, and that your criminal history requires consecutive sentencing.

{¶ 19} Next, under *Gwynne* the court conducts a de novo review considering whether the record clearly and convincingly supports the trial court's findings. The record demonstrates that a man in his 30s befriended a 15-year-old boy on social media and attempted to entice him in to a sexual relationship through expensive gifts. He specifically asked the boy if he could perform oral sex on him and sent him sexually explicit texts. A search of Sprouse's computer revealed over 1000 photographs of teenage boys in stages of undress or naked. A second victim, identified from the photos, stated that when he was 14 or 15, Sprouse contacted him and they entered into a sexual relationship. The victim stated that Sprouse pressured him into sexual relations and would become angry if he refused. Sprouse had a juvenile sex conviction and sex offender treatment and prior police and agency contact relating to allegations of inappropriate contact with minors. Sprouse was also on probation for theft.

8.

**{¶ 20}** Reviewing the record de novo, we do not clearly and convincingly find that it does not support the trial court's findings. The above facts do not lead this court to a firm belief that a lengthy sentence is not necessary to protect the public from Sprouse. Nor do we have a firm belief that the sentence is disproportionate to Sprouse's conduct. Sprouse's assignment of error is not well-taken.

## B. The Cross-appeal

**{¶ 21}** As the aggrieved party, the state properly raises the following alleged sentencing defects: the imposition of an improper postrelease control term and the court's failure to provide Sprouse's sex offender designation in the sentencing judgment entry. *See State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610.

### 1. Postrelease Control

**{¶ 22}** The state's first cross-assignment of error asserts that the trial court failed to sentence Sprouse to a mandatory five-year postrelease control term. Sprouse argues that any error in the imposition of postrelease control renders that portion of the sentence void or, at minimum, requires resentencing.

**{¶ 23}** Section R.C. 2967.28(B) of the postrelease control statute, provides:

> (B) Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a

9.

requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * *. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of postrelease control required by this division for an offender shall be of one of the following periods:

(1) For a felony sex offense, five years[.]

{¶ 24} As elaborated upon in *Bates*, the above-quoted section requires the trial court provide notice of postrelease control at the sentencing hearing and in the sentencing judgment entry. *Id.* at ¶ 11-12, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 40. At both the sentencing hearing and in the sentencing judgment entry, "[t]he trial court must advise the offender * * * of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *Id.*, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11. "[S]entencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Harper* at ¶ 42; *see Bates* at ¶ 13. "And if a court improperly imposes postrelease control on a sentence imposed on or after July 11, 2006, it may correct the sentence in accordance with the procedures set forth in

10.

R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction." *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 15.

{¶ 25} Sprouse was apprised of the mandatory 5-year postrelease control term for felony sex offenses at the plea hearing and on the plea form. At the sentencing hearing and in the sentencing judgment entry, however, the trial court incorrectly sentenced Sprouse to an 18-month to 3-year postrelease-control term. The imposition of an incorrect postrelease control term renders that portion of his sentence voidable, not void; thus, the state's first cross-assignment of error is well-taken.

### 2. Sex-Offender Designation

{¶ 26} The state's second cross-assignment of error addresses the court's failure to properly include Sprouse's designation as a Tier I and Tier II sex offender in the sentencing judgment entry. Sprouse states that because he received proper notification at sentencing, the exclusion of the designation was harmless error.

{¶ 27} Where the sex-offender designation is properly imposed at sentencing but either omitted from or incorrectly designated in the sentencing judgment entry, such error may properly be corrected by a nunc pro tunc judgment entry. *See State v. Knox*, 8th Dist. Cuyahoga No. 107414, 2019-Ohio-1246, ¶ 72; *State v. Straley*, 4th Dist. Highland No. 12CA3, 2013-Ohio-3334, ¶ 17 (the offender's Tier III sex-offender designation was omitted from the sentencing judgment entry).

11.

{¶ 28} R.C. 2929.19(B)(3)(a) states that "the court shall include in the offender's sentence a statement that the offender is a *tier III* sex offender/child-victim offender." (Emphasis added.) There is, however, no statutory requirement to include an offender's Tier I or Tier II sex offender designation in a final sentencing judgment.

{¶ 29} Sprouse pleaded guilty to multiple felony sex crimes qualifying him as a Tier I and Tier II sex offender. Although the trial court did not include Sprouse's sex-offender designation in the entry, there is no statutory requirement that it do so. The trial court did, however, notify Sprouse at the sentencing hearing of his sex-offender designation and the registration requirements in accordance with R.C. 2950.03(A)(2). Sprouse also signed an acknowledgment that his duties under R.C. Chapter 2950 were fully explained.

{¶ 30} As a final matter, it is necessary to note that the First and Tenth Districts have held that, although there is no statutory language requiring Tier I and Tier II sex offender classifications to be included in the sentencing entry, "all sex offender tier classifications under the AWA are part of the sanction [imposed] and must be included in the sentencing entry." *State v. Sipple*, 2021-Ohio-1319, 170 N.E.3d 1273, ¶¶ 31-32 (1st Dist.); *see also State v. Wright*, 10th Dist. Franklin No. 22AP-275, 2023-Ohio-2134, ¶ 24, citing *Sipple*. We disagree. Although a trial court may include Tier I and Tier II designations in a sentencing judgment, there is no requirement that it do so.

{¶ 31} Accordingly, the state's second cross-assignment of error is not well-taken.

12.

## IV. Conclusion

{¶ 32} The trial court's judgment is vacated, in part, and the matter is remanded for a limited resentencing on postrelease control pursuant to R.C. 2929.191(C). Under App.R. 24, Sprouse is ordered to pay the costs of this appeal.

Judgment vacated, in part,
and remanded.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

Myron C. Duhart, P.J.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____

Charles E. Sulek, J.　　　　　　　　　　　　　　　　JUDGE
CONCUR.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.